FITZSIMONS v. ISMAN.    (No. 6784.)

(Supreme Court, Appellate Division, First Department.    February 5, 1915.)

1. MASTER AND SERVANT (§ 330*)—INJURIES TO THIRD PERSONS—NEGLIGENCE OF SERVANT—EVIDENCE.
    Evidence in an action for the death of plaintiff's intestate *held* sufficient to justify finding that accident was caused by negligence of defendant's servant.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1270–1272;  Dec. Dig. § 330.*]

2. MUNICIPAL CORPORATIONS (§ 705*)—RECKLESS DRIVING—INJURY TO POLICE OFFICER—CONTRIBUTORY NEGLIGENCE.
    Where plaintiff's intestate was a police officer on duty in a public highway, he was required to use reasonable care to avoid being run over, though not the same degree of care required of a pedestrian.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517;  Dec. Dig. § 705.*]

3. APPEAL AND ERROR (§ 1066*)—INSTRUCTIONS—BURDEN OF PROOF—HARMLESS ERROR.
    In absence of evidence that the negligence of plaintiff's intestate contributed to his injury, an instruction that the burden of proving contributory negligence was on defendant, although erroneous, was harmless.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220;  Dec. Dig. § 1066.*]

Appeal from Trial Term, New York County.

Action by Ellen Fitzsimons, administratrix, against Felix Isman. Judgment for plaintiff, and defendant appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, DOWLING, and HOTCHKISS, JJ.

Theodore H. Lord, of New York City, for appellant.
James M. Donohue, of New York City, for respondent.

McLAUGHLIN, J.   Between 12 and 1 o'clock at night, on the 1st of November, 1912, plaintiff's intestate, a police officer in the city of New York, while engaged in the performance of his duty in Central Park, was struck by an automobile belonging to the defendant, and received injuries from which he died a few minutes thereafter.   This action was brought to recover the damages alleged to have been sustained by reason of his death, upon the ground that the same was caused by the negligence of the defendant.   Plaintiff had a verdict for a substantial amount, upon which judgment was entered, from which defendant appeals.

[1, 2]   The evidence at the trial was sufficient to justify the finding of the jury that the chauffeur, who was operating the automobile at the time the accident occurred, was acting for and under orders of the defendant, and that the accident was due solely to his negligence.   He saw the intestate before it occurred and, had he exercised the care which the law imposed upon him, could have avoided running into him. From the evidence a finding was justified that the automobile was not only being run at a very high rate of speed, but that it was on the wrong side of the road.   The intestate, as said, was a police officer, and at the time was performing his duty as such.   He was undoubtedly, required, in view of the performance of the work assigned to him, to use reasonable care to prevent being run over.   He was not, however, obligated to use the same degree of care that would be required of an ordinary pedestrian.   The rule to be applied, in view of the work which he was doing, is similar to that applied to persons who are employed by a municipality to work upon the public streets.   O'Connor v. Union Ry. Co., 67 App. Div. 99, 73 N. Y. Supp. 606; Volosko v. Interurban St. Ry. Co., 190 N. Y. 206, 82 N. E. 1090, 15 L. R. A. (N. S.) 1117.

[3]   But it is said the judgment must be reversed because the court charged the jury that the burden of proving the death of the intestate was due to his own negligence was upon the defendant.   This was an erroneous instruction (Sackheim v. Pigueron, 163 App. Div. 180, 148 N. Y. Supp. 27), but did not harm the defendant, because there was no evidence which would have justified the jury in finding that the negligence of the intestate contributed in any way to his injury.   He being free from contributory negligence, the question of the burden of proof on that issue "was merely academic."   Nicholson v. City of New York, 150 N. Y. Supp. 1099.

The judgment and order appealed from, therefore, are affirmed, with costs.   All concur.