GEORGIA SOUTHERN AND FLORIDA RAILWAY COMPANY, *Plaintiff in Error*, v. THEOLA RUFF, *Defendant in Error*.

Opinion Filed February 3, 1915.

1. Where the trial court has refused to grant a new trial in a case, the appellate court will not reverse the judgment or grant a new trial for errors in rulings upon the admission or rejection of evidence, or for errors in giving or refusing charges, or for errors in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause, that such errors injuriously affect substantial rights of the complaining party.

2. A judgment will not be reversed or a new trial granted by the appelate court on the ground that the verdict is not sustained by the evidence where the trial court has refused a new trial on that ground, unless it appears that upon the whole evidence the verdict is clearly wrong, or not in accord with the law and the evidence, or that the jury were not governed by the evidence in making their finding.

3. The trial court has authority to permit plaintiff to withdraw a motion for a new trial.

Writ of Error to Circuit Court for Columbia County. M. F. Horne, Judge.

Judgment affirmed.

*J. E. Futch*, for Plaintiff in Error;

*A. H. King* and *Cone & Chapman*, for Defendant in Error.

WHITFIELD, J.—On a former writ of error herein an order was affirmed granting a new trial on a verdict for

the plaintiff for $25,000.00 damages in an action for personal injuries brought against the railroad company. Ruff v. Georgia Southern and Florida Ry. Co., 67 Fla. 224, 64 South. Rep. 782.

At the subsequent trial verdict and judgment were rendered for the plaintiff in ten thousand dollars, and the defendant took writ of error. It is now contended on specific assignments of error that the trial court erred in rulings admitting and rejecting testimony, in giving and refusing charges, in denying the defendant's motion for a new trial, and "in refusing to order a new trial upon the motion of the plaintiff for a new trial when in open court the defendant agreed, consented and requested the court to grant the said motion, and to order a new trial."

Where the trial court has refused to grant a new trial in a case the appellate court will not reverse the judgment or grant a new trial for errors in rulings upon the admission or rejection of evidence, or for errors in giving or refusing charges, or for errors in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause, that such errors injuriously affect substantial rights of the complaining party. Nor will a judgment be reversed or a new trial granted on the ground that the verdict is not sustained by the evidence where the trial court has refused a new trial on that ground, unless it appears that upon the whole evidence the verdict is clearly wrong, or not in accord with the law and the evidence, or that the jury were not governed by the evidence in making their finding. With this principle in view, a full consideration of all the assignments of error made on matters of procedure, discloses the futility of a detailed discussion of asserted errors. There is ample evidence of a defective track, which if believed by the jury, would legally sustain a finding of lia-

bility on the part of the defendant railroad company for compensatory damages growing out of injury to the plaintiff, a passenger on one of its trains, caused by alleged "negligence and carelessness of the defendant in the running of said train," whereby the train was "derailed and wrecked." There was consequently no harm, if error, in sustaining an objection to a question to elicit an opinion as to whether there was any reason why the heavy engine of the train should not have been run over the track. Likewise as there is evidence legally sufficient to support the amount of damages awarded, errors, if any, in admitting or excluding particular items of evidence relating to or affecting the amount of the recoverable damages, are not harmful to the plaintiff in error, since on the whole evidence the verdict is not clearly wrong. There is evidence of a permanent injury to the plaintiff as a proximate result of the defendant's negligence, therefore, as stated in the former opinion, the life expectancy of the plaintiff was a pertinent fact in issue. Mortuary tables in common use showing computed life expectancies of persons at stated ages, may be shown in evidence, and the physical condition and general health of the particular person to which the table is applicable may also be shown, the probative force of all to be determined primarily by the jury. There was apparently no abuse of discretion in admitting testimony as to mortuary tables, there being much evidence as to the plaintiff's general physical condition to be considered by the jury, in accordance with charges relating thereto.

The declaration alleges negligence of the defendant "in the running of" its train, and no harm could have resulted from a recitation in a charge to the jury that the

plaintiff alleges negligence of the defendant "in the running and operation of" the train.

In the former opinion it was held that evidence "as to the plaintiff's loss of earning capacity as a school teacher as a proximate result of the injury, was admissible," and charges having proper reference to such evidence cannot avail as being error.

There was evidence admitted without objection that medicine was given to the plaintiff by the defendant's surgeon soon after the injury, and that the medicine made her nervous. An entire paragraph of a charge stating a number of matters to be considered in determining the amount of damages, if the plaintiff is to recover, was excepted to in the motion for a new trial; and it is contended that the portion of the paragraph excepted to instructing the jury that they might take into consideration "the effect of any drug, opiate or papine given her," was harmful error, since such an element of injury was not put in issue by the pleadings and the reference to the drugs was calculated to prejudice the jury against the defendant. The objectionable reference in the charge to the effect of drugs used was one of a number of items contained in a single paragraph, which paragraph was excepted to as an entirety and only in the motion for a new trial. It was not called to the attention of the trial court when the charge was given, and no correcting charge was requested. As the evidence is legally sufficient to sustain the amount of the verdict without reference to the effect of the medicine on the plaintiff below, no harm reasonable could have resulted to the defendant from the portion of the charge complained of.

After verdict the plaintiff moved for a new trial on the ground that the award is inadequate. The defendant consented to the granting of a new trial. The Judge stated that if both parties asked for a new trial, he would grant it. Thereupon plaintiff asked leave to withdraw her motion for new trial on six grounds. This application was granted over defendant's objection. A motion for new trial was then made by the defendant, which was denied. The court had authority to permit the plaintiff to withdraw her motion for a new trial, and no abuse of discretion or of authority in doing so is shown. A new trial was not in fact granted, but it was expressly denied by a subsequent order duly made.

It does not appear upon the whole evidence that the verdict does not accord therewith, and no material and harmful error of law or of procedure appearing, the judgment based on a second verdict for the plaintiff is affirmed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS, JJ., concur.