## Justice, Appellant, *v.* Weymann.

Argued December 2, 1931. Before FRAZER, C. J.,
WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and
DREW, JJ.

*J. Kennard Weaver,* for appellant.—The evidence dis-
closes that plaintiff did what a reasonably prudent man
would have done under the circumstances, and was not
contributorily negligent as a matter of law to have judg-
ment entered against him on the record: Patterson v.
R. R., 260 Pa. 214; Cecola v. Cigar Co., 253 Pa. 623;
Craven v. Ry., 243 Pa. 619; Lamont v. Express Co., 264
Pa. 17; Kerk v. Peters, 261 Pa. 279; Banks v. Shoe-
maker & Co., 260 Pa. 280; Wilson v. Mitton, 257 Pa. 86;
Virgilio v. Walker, 254 Pa. 241; Arnold v. McKelvey,
253 Pa. 324; Lewis v. Wood, 247 Pa. 545; Schmidt v.
Ry., 244 Pa. 205; Lorah v. Rinehart, 243 Pa. 231.

It was error to charge that the accident did not occur
at the crossing where pedestrians cross, when the testi-
mony of a disinterested witness closest to the collision
was that it did occur at the intersection where pedes-
trians cross.

*Jay B. Leopold,* with him *Duane, Morris & Heckscher,*
for appellee.—The burden was on plaintiff to establish

defendant's negligence before his case could have been submitted to the jury. Plaintiff failed to meet this burden of proof: Wiser v. Baking Co., 289 Pa. 565; Patton v. George, 284 Pa. 342; Schuchalter v. Transit Co., 288 Pa. 189; Durning v. Hyman, 286 Pa. 376; Nichol v. Telephone Co., 266 Pa. 463; P. & R. R. R. v. Hummell, 44 Pa. 375; Allen v. Coal Co., 212 Pa. 54; Bardis v. Ry., 267 Pa. 352; Alexander v. Water Co., 201 Pa. 252; Garvin v. Tel. Co., 87 Pa. Superior Ct. 276.

As to the contributory negligence by the deceased, it is conceded that there is the presumption of due care arising in his favor by reason of his death. This presumption, however, is rebutted by positive testimony in plaintiff's own case: Donahue v. P. R. T., 293 Pa. 253.

OPINION BY MR. JUSTICE WALLING, January 5, 1932:

Pansee Keene Justice brought this suit in trespass against Albert C. Weymann, to recover for the death of her husband, James Justice, which, she avers, was caused by the defendant's negligence. At the trial the jury disagreed, thereupon the defendant, who had asked for binding instructions, moved for judgment in his favor on the whole record, pursuant to the Act of April 20, 1911, P. L. 70. Upon due consideration, the trial court granted the motion and plaintiff has appealed. Such judgment can be entered only where binding instructions should have been given: Derrick v. Harwood E. Co., 268 Pa. 136. We are satisfied from an examination of the record that such instructions should have been given.

Chew Street, with a forty-foot paved cartway, extending through an outlying district of Philadelphia, in a north and south direction, crosses Johnson Street at right angles. The deceased, herein called "the officer," while on duty as a policeman at this intersection, at about 7 o'clock on the evening of March 1, 1929, stopped a southbound Packard car and while talking to its driver also stopped a cream colored car going in the same di-

rection. The rear end of the Packard car stood near the south cross walk in Johnson Street and the cream colored car stopped some distance south in Chew Street. The officer, who stood on the east or street side of the Packard car started to walk southeasterly in a diagonal direction, in the bed of Chew Street, toward the cream colored car. At that moment the defendant was driving his Chevrolet car south in Chew Street when its right front fender collided with the officer in such manner that he fell to the pavement and was fatally injured. The accident occurred about thirty feet south of the south line of Johnson Street, hence the rule as to crossing accidents cannot be applied. As the rear end of the Packard car stood at the south line of Johnson Street, and the officer was near the front of that car when talking to its driver and took several steps to the south and further away from Johnson Street before he was hit, it cannot be affirmed that this was a crossing accident. Moreover, the officer was at no time in the path of the defendant's car, but came from the side and was not in the range of defendant's headlights nor seen by him before the collision. That he was not in front of the car is shown by the fact that although moving toward its path he fell at the side. Not being at a crossing and no one appearing in his path there was no seeming necessity for defendant to give warning. Naturally after crossing Johnson Street defendant accelerated his speed and at the place of accident was moving at from twenty to twenty-five miles an hour. No ordinance was offered and our attention was called to no statute violated by this speed. Lack of control is also charged, but the fact that defendant stopped his car within twelve feet negatives both lack of control and excessive speed: Donahue v. P. R. T. Co., 293 Pa. 253; Wiser v. Parkway Baking Co., 289 Pa. 565; Schuchalter v. P. R. T. Co., 288 Pa. 189; Patton v. George et al., 284 Pa. 342. A driver need not have his car under instant control between crossings nor sound his horn there unless the conditions are such as to

suggest danger. See McAvoy v. Kromer et al., 277 Pa. 196. Being a forty-foot cartway, defendant was not required to come to a near stop because two other cars were halted there. The accident happened near the center of Chew Street and it is not shown that the defendant was on the wrong side of the street or that his being some distance from the west curb tended in any manner to cause the accident, especially as the officer came from that direction. The collision of a pedestrian with a motor vehicle raises no presumption of negligence against the latter's driver: Gilles v. Leas, 282 Pa. 318; King v. Brillhart, 271 Pa. 301, 304; Flanigan v. McLean, 267 Pa. 553, 556; Wiser v. Parkway Baking Co., supra; Gaven et al. v. Bell Tel. Co., 87 Pa. Superior Ct. 276. A recovery in such case must rest on the driver's failure to perform some legal duty: Bardis v. P. & R. Ry., 267 Pa. 352. No such failure was shown here. The proof failing to show that defendant was blamable for the unfortunate occurrence, the judgment was rightly entered.

The instant case differs from King v. Brillhart, supra, and other like cases, where the accident happened in daylight and the pedestrian was in the cartway and in view of the chauffeur. The officer was on duty and we do not base our conclusion upon a finding that he was at fault.

The judgment is affirmed.

This opinion was written by Justice WALLING; it is now adopted by and filed as the opinion of the court.

PER CURIAM,

BY ROBERT S. FRAZER, C. J.