W. L. Prior v. John W. Pounds.

151 So. 890.
Division A.
Opinion Filed December 19, 1933.
Rehearing Denied January 18, 1934.

*E. W. & R. C. Davis,* for Plaintiff in Error;

*B. H. S. Hammond,* for Defendant in Error.

TERRELL, J.—The defendant in error, John W. Pounds, recovered a judgment against the plaintiff in error in the Circuit Court of Orange County for injuries received from being run down by an automobile driven by Walter Raleigh Prior, son of the defendant below. In addition to the general issue there was a plea of contributory negligence. A trial resulted in a verdict and judgment for $2,000.00 and cost; a new trial was denied, and this writ of error was taken to that judgment.

It is urged here that the following charges were erroneous:

"The Court charges you, gentlemen of the jury, that a pedestrian has a prior right upon the streets and highways of the State of Florida to that of any other mode of transportation. However, that does not excuse a pedestrian from the exercise of every reasonable precaution for his own safety."

"An automobile in itself, gentlemen, is a dangerous instrument in the hands of anyone, and requires at the hands of an operator the greatest precaution; a higher degree of precaution than ordinary mode of transportation. The driver of an automobile should be guided by the conditions as they exist at the time of the accident and not only the condition of the highway, the quantity and condition of traffic that is on the highway at the time, the condition of visibility as it exists at the time."

It is also urged that the court erred in his refusal to give the following charge requested by the defendant:

"I further charge you, gentlemen of the jury, that while the rights of motorists and pedestrians are reciprocal and equal on the highways, when the pedestrian deliberately

selects the roadway of a city street for the purpose of walking longitudinally thereon, he is bound to exercise more vigilance in caring for his own safety than if he were crossing the street at a regular crossing place."

The record discloses that plaintiff below was a police officer in Orlando, Florida, at the time he was injured, that the accident in which he was injured occurred about 10:00 o'clock at night just north of the intersection of Livingston Avenue with Orange Avenue where there were white-way street lights on all four corners. It was raining slightly and Pounds entered Orange Avenue for the purpose of taking in custody a car and driver that he had stopped for traveling with one light. Before entering Orange Avenue he looked both ways and saw "a pair of lights" coming from the south but thought he could get to the car with one light before they reached him. Within five or six feet of the east curb of Orange Avenue he turned north and walked along the street to the point where he was overtaken by the car of the defendant which ran over him and caused the injury for which this action was brought.

The rule is well settled that pedestrians and travelers by automobile or other vehicle have equal and reciprocal rights in the use of the public highways and that the right of each must be exercised in a reasonably careful manner with reference to the reciprocal right of the other, depending on the time, location, amount of traffic, physical circumstances, and all other elements that affect travel. Florida Motor Transportation Co. v. Hillman, 87 Fla. 512, 101 So. 31; Wollaston v. Stiltz (Del.) 114 Atl. 198; Lane v. Sargent, 217 Fed. 237.

This rule is applicable to the use of streets and public highways generally but, like other rules, it has its exceptions or modifications. At the intersection of streets where heavy

traffic is prevalent zones are indicated at regular intervals that must be observed by both foot and vehicular travelers. Safety islands and other devices are provided exclusively for pedestrians. Circumstances as to each case determine the extent or condition of the exception, the safety of the traveling public being always the ground on which it is made.

A police officer may enter a street or other public highway at any point in the discharge of his duty. In doing so he is charged with the exercise of reasonable care to preserve his safety but when he has done this he has a right to assume that the traveling public will be equally diligent and exercise all reasonable care to avoid running him down or endangering his life or limb. At points in a busy street not frequently traversed by pedestrians a higher degree of care is imposed on the pedestrian and the vehicular traveler to avoid accident. At such points the driver of an automobile is charged with additional vigilance to protect pedestrians. Ivy v. Marx, 205 Ala. 60, 87 So. 813, 14 A. L. R. 1173.

It has been held to be contributory negligence on the part of pedestrians to enter a street without having carefully looked before doing so, or to emerge into a street from between automobiles parked along the curb at a point otherwise than at intersections where traffic is heavy or when the night is dark or rainy. Robichaux v. Dorion, 17 La. App. 159, 134 So. 784; Dobrowolski v. Henderson, 15 La. App. 79, 130 So. 237; Lester v. Roach, 155 La. 947, 99 So. 707.

In view of the law as thus enunciated the charge first above quoted if given in the abstract would have undoubtedly been erroneous, but considered in the light of the full charge given, the evidence adduced, the extent of the injury, and the amount of the verdict, we fail to see that it

constituted harmful error. The facts in this case in other words appear to fully warrant the invocation of the harmless error statute. Section 2812, Revised General Statutes of 1920, Section 4499, Compiled General Laws of 1927.

This Court has held that an abstract charge, even if erroneous, is not ground for reversal unless it is made to appear that it misled the jury. If on consideration of the whole case there is ample support for the verdict and substantial justice is shown to have been done the verdict and judgment should not be disturbed because of such a charge. Randall v. Parramore & Smith, 1 Fla. 409; Proctor v. Hart, 5 Fla. 465; Prescott v. Johnson, 8 Fla. 391; Hooker v. Johnson, 10 Fla. 198; Georgia Southern & F. R. Co. v. Ruff, 69 Fla. 93, 67 So. 575.

This rule as to instructions given applies equally to the instruction requested by defendant and refused. It was substantially covered by the charge in full, so we hold that its refusal was not error as the giving of it would have been superfluous.

The judgment below is affirmed.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS and BUFORD, J. J., concur.

BROWN, J., absent and not participating because of illness.