Perky Properties, Inc., v. Ben Felton, *et al.*

151 So. 892.

Opinion Filed January 1, 1934.

*Wm. H. Malone,* for Appellant;

*Arthur Gomez,* for Appellee.

Whitfield, J.—This appeal is from a decree dismissing a bill of complaint on demurrer. An injunction was sought against numerous defendants to protect rights to propagate sponges in tidal submerged waters in Monroe County, Florida, claimed under Chapters 4564, 4797 and 13807, Laws of Florida. The title and Section 1 of Chapter 4564 are as follows:

"An Act to Protect and Encourage the Artificial Growth of Sponges Within the Waters of the State of Florida, and Conceding Certain Riparian Rights to Those Engaged Therein, and to Prescribe a License in Certain Cases.

*"Be it enacted by the Legislature of the State of Florida:.*

"Section 1. It shall be lawful for any person or persons

owning lands bordering upon the waters of the State, to propagate and grow sponges in the waters in front of such lands, to a depth not exceeding one fathom, at low tide, and they shall have the exclusive right to sponge or propagate and grow sponges within such limits; Provided, that in no case shall this right extend beyond three hundred yards from the shore line."

Section 1 of Chapter 4797 is as follows:

"That Chapter 4564, Laws of Florida, entitled An Act to protect and encourage the artificial growth of sponges within the waters of the State of Florida, and conceding certain riparian rights to those engaged therein, and to prescribe a license in certain cases, be and the same are hereby repealed: Provided, that nothing herein shall be construed under the provisions of said Act."

Chapter 13807 is as follows:

"An Act Granting to Certain Riparian Land Owners who now Have Vested Rights Acquired Under Chapter 4564, Acts of 1897, Laws of Florida, the Right to Sponge, Propagate and Grow Sponge Within the Bays, Lagoons, Sounds, and Straits Fronting Upon or Bordering the Lands Owned by Them, and to Prohibit Tresspassing Within Said Areas and Providing Suitable Penalties Therefor.

"Whereas under Chapter 4564, Acts of 1897, Laws of Florida, The State of Florida granted to all persons owning lands bordering upon the waters of the State, and to all persons owning lands bordering upon any strait, bay, lagoon or sound within the State of Florida, the privilege and exclusive right to sponge, and to propagate and grow sponge, in the waters in front of said lands and within the said bays, lagoons, sounds or straits; and

"Whereas by said Chapter 4564 owners of said lands engaged in the business of raising and propagating sponges

were granted the right to enclose and post such waters and to warn off trespassers therefrom; and

"WHEREAS said Chapter 4564 prohibited the destroying, breaking down or defacing of any sign, fence, gate enclosure or stake placed to designate such areas; and

"WHEREAS said Chapter 4564 was afterwards repealed by Chapter 4797, Acts of 1899, Laws of Florida, but said repealing Act specifically provided that all vested rights which had been acquired prior to the repealing of said Chapter 4564, Acts of 1897, Laws of Florida, should not in any manner be impaired; and

"WHEREAS prior to the passage of Chapter 4797, repealing Chapter 4564, owners of lands hereinafter described had established beds of sponge of artificial growth, and by planting of sponge for artificial growth and propagation owners of lands next hereinafter described acquired vested rights in the bays, lagoons, sounds and straits within the lands next hereinafter described; and

"WHEREAS the persons who owned the said lands at the time said vested rights were acquired have subsequently sold the lands and all the rights appertaining thereto; and

"WHEREAS the exclusive right to sponge, propagate and grow sponge, and the right to protect and warn off trespassers from such areas have been clouded by the passage of Chapter 4797, Acts of 1899, Laws of Florida; and

"WHEREAS it is for the best interests of the State of Florida that said vested rights be more clearly defined and established, and that the owners of said vested rights be encouraged to further develop the business or industry of sponging and artificial propagation and growth of sponge; therefore

"*Be It Enacted by the Legislature of the State of Florida:*
"Section 1. That the present owners, their heirs, ex-

ecutors, administrators, successors and assigns of the following described lands, to-wit:

"Lot one (1) of Section fifteen (15); lots one (1), two (2), three (3), four (4), five (5), six (6), and seven (7) of Section twenty (20); lots one (1), two (2), three (3), and four (4) of Section twenty-three (23); lot five (5) of Section twenty-five (25); lots two (2), five (5), six (6) and seven (7) of Section twenty-six (26); lot one (1) of Section twenty-seven (27); lots four (4) and five (5) of Section twenty-eight (28); lots one (1), two (2), three (3) and four (4) of Section thirty-one (31); lots one (1), two (2), three (3), four (4), five (5), and six (6) of Section thirty-two (32); lots one (1), two (2), three (3), four (4), five (5), six (6) and seven (7) of Section thirty-three (33); lots two (2) and three (3) of Section thirty-four (34); lots one (1) and four (4) of Section thirty-five (35); and lots two (2), three (3), four (4) five (5), six (6), seven (7) and nine (9) of Section thirty-six (36); all in Township sixty-six (66) South, Range twenty-seven (27) East, Tallahassee meridian, Florida; Lot six (6) of Section thirty-one (31), Township sixty-six (66) South, Range twenty-eight (28) East, Tallahassee meridian, Florida; Lot three (3) of Section one (1); lot two (2), of Section two (2); lots one (1), two (2), three (3), four (4) and five (5) of Section three (3); lots one (1), two (2) and four (4) of Section four (4); lots one (1), two (2), three (3), four (4), five (5) six (6), seven (7) and eight (8) of Section five (5); lots one (1) and five of Section six (6); lots one (1), eight (8) and nine (9) of Section seven (7); lots one (1), two (2), three (3), four (4), and five (5) of Section eight (8); lot two (2) of Section nine (9); lot five (5) of Section ten (10); lots one (1), two (2), five (5) and six (6) of Section eleven (11);

lots one (1), two (2), and seven (7) of Section twelve (12); lot one (1) of Section thirteen (13); lots two (2) and eight (8) of Section seventeen (17); lots one (1), two (2), three (3), four (4), five (5) and six (6) of Section twenty (20); lots one (1), two (2) and three (3) of Section twenty-nine (29); and lot one (1) of Section thirty (30); all in Township sixty-seven (67) South, Range twenty-seven (27) East, Tallahassee meridian, Florida; Lots one (1), two (2), three (3), four (4), five (5), six (6), seven (7) and eight (8) of Section six (6); and lots one (1), two (2), three (3) and four (4) of Section seven (7); all in Township sixty-seven (67) South, Range twenty-eight East, Tallahassee meridian, Florida. All in Monroe County, Florida, be and they are hereby granted the exclusive right to propagate and grow sponges in the bays, lagoons, sounds and straits lying wholly within the lands hereinafter described; and that said owners, their heirs, administrators, successors and assigns, be and they are hereby granted the exclusive right to gather sponge within said areas, and that said owners, their heirs, administrators, successors, legal representatives and assigns, be and they are hereby granted the privilege and authority to post and to fence, stake off or enclose said areas or any part thereof, and to enclose or close any inlet or outlet that may be necessary to keep trespassers or persons not entitled to be within said areas, away from and out of the waters within said areas more particularly described immediately hereinafter: Sections numbered twenty-six (26), twenty-seven (27), twenty-eight (28), thirty-three (33), thitry-four (34), thirty-five (35), and thirty-six (36), all in Township sixty-six (66) South, Range twenty-seven (27) East, Tallahassee meridian, Florida. Sections numbered thirty-one (31), Township sixty-six (66) South, Range twenty-eight (28)

East, Tallahassee meridian, Florida. Sections numbered one (1), two (2), three (3), four (4), five (5), eight (8), nine (9), ten (10), eleven (11), twelve (12), sixteen (16) and seventeen (17), all in Township sixty-seven (67) East, Tallahassee meridian, Florida. Sections numbered six (6) and seven (7), all in Township sixty-seven (67) South, Range twenty-eight (28) East, Tallahassee meridian, Florida. All in Monroe County, Florida.

"Section 2. It shall be unlawful for any person to trespass within the areas hereinabove described; and any person or persons guilty of trespassing within said areas, or of illegally passing any posted sign, or of destroying, defacing or breaking down any sign, fence, gate, closure, enclosure or stake placed therein for the purpose of defining and protecting sponge or the waters designated herein for sponging or for the propagation and growth of sponge, or of taking, removing, destroying or in any manner molesting any sponge within said areas, or of in any manner interfering with or molesting any person or persons rightfully engaged in the business of sponging, propagating, planting or growing sponges, or of molesting or interfering with any boats, barges, or any other property movable or immovable used in said business or industry, shall be guilty of a misdemeanor, and upon conviction shall be punished according to law.

"Section 3. This Act shall take effect upon its becoming a law.

"Approved May 24, A. D. 1929."

The bill of complaint in effect alleges that the complainant corporation is the owner in fee simple of lands the description of which appears in the quoted statute; that complainant derived title to the lands from a party who acquired rights under Chapter 4564; and that complainant's rights

are being invaded as shown by allegations in the bill. The complainant asserts exclusive rights to grow sponge in the tidal waters of the State.

. Even if any *exclusive* private property rights were acquired and became vested in any person or persons under Chapter 4564, Acts of 1897, which could not be abrogated and were not abrogated by Chapter 4797, Acts of 1899, which specifically repealed Chapter 4564, save as to "any vested right which may have been received under the provisions of" Chapter 4564; yet it is not clear that Chapter 13807, Acts of 1929 is operative to grant to the then present owners of described lands, their heirs, executors, administrators, successors and assigns without reservation or compensation the *exclusive* right to propagate and grow sponges in the bays, lagoons, sounds and straits lying wholly within described large areas to tidal submerged lands on the Gulf coast of the State of Florida, with the *exclusive* right to gather sponges within said areas, and to post and to fence, stake off or inclose said areas or any part thereof, and to enclose or close any inlet or outlet that may be necessary to exclude trespassers.

The tidal and submerged lands of the State and the uses thereof are held in trust for all the people of the State; and while private rights in the uses of limited portions of such lands may be granted by the Legislature upon proper terms, reservations and considerations when the public welfare will thereby be promoted, State v. Gerbing, 56 Fla. 603, 47 So. 353, 22 L. R. A. (N. S.) 337; yet legislative grants to private ownership of the *exclusive* rights and privilege to grow and gather sponges upon large areas of tidal submerged lands of the State with the right to enclose such areas and to close the inlets thereto, without reservation, compensation or consideration, is not contemplated by

the public nature and purposes of the title of the State to such lands which was acquired as a sovereign right upon the admission of Florida in the Union as a sovereign State.

Chapter·4564 purported only to declare that "it shall be lawful for any person or persons owning lands bordering upon the waters of the State, to propagate and grow sponges in the waters in front of such lands, to a depth not exceeding one fathom at low tide" and within three hundred yards from the shore line, with the exclusive right to sponge and propagate and grow sponges within such limits. The privilege was confined to "any person or persons owning land bordering upon the waters." No provision was made for passing the privilege to others by act of the parties or by operation of law, and the privileges were not extended to corporations. Chapter 4797 repealed Chapter 4564 saving merely and only "any vested rights which may have been received under the provisions of" Chapter 4797.

Chapter 13807 enacts "that the present owners, their heirs, executors, administrators, successors and assigns of" described lands "be and they are hereby granted the exclusive right to propagate and grow sponges in the bays, lagoons, sounds and straits lying" within described lands with other exclusive privileges stated in the Act and re-. ferred to above.

The titles do not give notice to the grant of *exclusive* rights. It is not necessary to determine whether the Acts would withstand a challenge of validity in proper quo warranto proceedings, even if the exclusive feature of the grant be regarded as eliminated.

The State is not a party here, and does not challenge the validity of either the statute or of the grant therein. This appeal may be disposed of by determining the rights of the complainant-appellant to the protection of its property

employed in the uses of tidal submerged lands for the propagation, preservation and gathering of the sponges planted by it on the faith of the statute of 1929, even though the complainant may have no exclusive or other rights in the premises under the statute or otherwise. ·

One of the prayers is for an injunction against "interfering with or molesting any person or persons acting under the agency or with the approval of the complainant in the business of sponging, propagating, planting, cultivating or growing sponge upon the property of the complainant, * * * and that they be restrained from moving, interfering with or molesting any property, movable or immovable, employed by the complainant in connection with its business of artificial farming or propagation of sponge as above described."

If the complainant has in good faith planted sponges in the described territory, it may by appropriate procedure protect its corporeal property rights in planted sponges and the material used in sponge propagation, whatever they may be, when the rights of others would not thereby be violated; and this right may exist though complainant does not have the *exclusive* rights claimed by it, or the other rights as to enclosing areas and closing inlets to the described premises. The State has proper remedies if the complainant exceeds its rights in the tidal lands, or in the waters thereon.

There is equity in the bill of complaint for the protection of the complainant's sponge plants and other property placed by it in the tidal waters described, not involving an enclosure of areas or inlets, therefore the bill of complaint should not be dismissed. Appropriate relief may be granted upon proper proofs or admissions to protect complainant's corporeal property.

Reversed for further appropriate proceedings.

DAVIS, C. J., and ELLIS, TERRELL and BUFORD, J. J., concur.