Tanner *v.* Pennsylvania Truck Lines, Inc., Appellant, et al.

Argued September 30, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*James J. Burns, Jr.*, for appellant.

*A. H. Rosenberg*, for appellee.

OPINION BY MR. JUSTICE PATTERSON, November 14, 1949:

Martin J. Tanner, a traffic policeman of the County of Allegheny, instituted this action in trespass to recover for injuries sustained when he was struck by a tractor-trailer unit operated by an employe of Penn-

sylvania Truck Lines, Inc., and Kraft Foods Company was brought upon the record as additional defendant. A verdict was directed in favor of the additional defendant, and the jury returned a verdict in favor of Tanner against Pennsylvania Truck Lines, Inc., in the amount of $15,000. Motions were filed by Pennsylvania Truck Lines for judgment *non obstante veredicto* and for new trial. The motion for judgment *non obstante veredicto* was refused, but the court below entered an order granting a new trial unless Tanner filed a remittitur reducing the verdict to $12,000. Remittitur was filed and judgment was entered for Tanner in the reduced amount.

The sole question on appeal is whether the court below erred in refusing the motion for judgment *non obstante veredicto*.

At 8:20 A. M., March 18, 1946, Tanner was stationed on the traffic island between the northbound and southbound traffic at the south portal of the Liberty Tubes, in the City of Pittsburgh. According to his testimony and that of his witnesses, southbound traffic was stopped by a red light located at the intersection to the south and Tanner had stepped off the traffic island and through the line of traffic nearest the island, directly in front of the tractor-trailer of Pennsylvania Truck Lines, for the purpose of giving instructions to the operator of a Kraft Foods Company truck which was stopped in the next line of traffic, about four feet away, with the drivers' seats of the two vehicles about even. Tanner spoke to the driver of the Kraft truck and turned to retrace his steps to the traffic island. He observed that the traffic light at the intersection was still red against southbound traffic and had taken one or two steps when the tractor-trailer unexpectedly moved forward and to the left, closing the gap between it and the traffic ahead. The cab of the tractor cleared Tanner, but due to the lateral movement of the trailer, he was struck by its right front corner, knocked down, and

run over by its right rear wheel, sustaining serious injuries.

Viewing the evidence in the light most favorable to appellee, as the procedural situation requires us to do, the case presented is not one in which the driver of the tractor-trailer merely failed to observe appellee and exercise due care for his safety through inattention or inadvertence, but where he was actually aware of appellee's dangerous position between the two vehicles and, nevertheless, moved the tractor-trailer forward, without giving warning of any kind. Edward J. Volzer, operator of the tractor-trailer, admitted that he had Tanner in full view from the time he stepped from the traffic island until the tractor-trailer was moved forward. He admitted that he was "uneasy" because of Tanner's position on the highway between the two vehicles, and that he knew he was "taking a chance" in moving forward, for the reason that "I didn't think that there was enough clearance," and he stopped after proceeding forward a distance of about 20 to 24 feet, "to see what things were like," because "I figured he might have got squeezed in there." Volzer denied the traffic light was red against him when he moved forward, testifying that it had changed to green in his favor, and denied that no warning was given, stating that he "hollered" to plaintiff, "You had better get out of there, the light has changed," and that Tanner replied, "Go ahead, son, I'm alright." However, the verdict of the jury implies that they disregarded this testimony, and we cannot do otherwise on appeal: *Mackin v. Patterson*, 270 Pa. 107, 109, 112 A. 738; *Harrington v. Pugarelli*, 344 Pa. 204, 206, 25 A. 2d 149. So doing, the evidence was not only sufficient to warrant a finding of negligence on the part of appellant's driver, but would have warranted a finding that the driver in moving the tractor-trailer unit forward, after observing appellee's perilous position and realizing the danger involved, exhibited a reckless disregard for

his safety: *Kasanovich v. George*, 348 Pa. 199, 34 A. 2d 523; Restatement, Torts, section 500.

In *Justice v. Weymann*, 306 Pa. 88, 158 A. 873, cited by appellant as controlling in its favor, the evidence established that "the officer was at no time in the path of the defendant's car, but came from the side and was not in the range of defendant's headlights nor seen by him before the collision." Here, appellee was in full view of the driver of appellant's vehicle from the time he stepped into the cartway and the driver admitted that he had appellee under continuous observation.

In *Seader v. Philadelphia*, 357 Pa. 369, 54 A. 2d 701, also relied upon by appellant, the driver had passed deceased and his companion while they were standing in a "place of safety", waiting for him to pass them, whereas in the present case the position of appellee, between the two vehicles, was a place of obvious danger and appellant's driver's own admissions reveal that he was fully aware of the risk involved.

Since there was evidence which, if believed, would have warranted the jury in finding that appellant's driver was guilty of a wanton disregard for his safety, appellee would have been entitled to an instruction that his contributory negligence would not be a bar if the jury so found: *Kasanovich v. George*, supra. The trial judge did not so instruct the jury, but charged that if "by reason of his own lack of care [plaintiff] contributed in any degree or respect to the happening of the accident, then it is the rule of law that he is not entitled to recover even though the jury may be satisfied that the defendant was guilty of negligence," and that "In order to determine whether or not the plaintiff himself was guilty of contributory negligence, we apply the same standard or yardstick that we measure the conduct of the defendant by." Despite this instruction favorable to appellant the jury found in favor of appellee and under the evidence they were fully justified in so

doing. The acts of persons whose duties require them to be on the highway must be judged by a standard more liberal than in the case of an ordinary pedestrian who has no care other than his own safety: *Justice v. Weymann,* supra, 92; *Valente v. Lindner,* 340 Pa. 508, 510, 17 A. 2d 371; *Copertino v. Chrobak,* 346 Pa. 49, 51, 29 A. 2d 504. Appellee was engaged in the performance of his official duties, at a place where his work required him to be, and while he was so occupied had a right to assume that he would not be struck by any vehicle that was under proper control.

Judgment affirmed.