98 So.2d 891 (1957)
Frank J. RADTKE, Appellant,
v.
Anne L. LOUD, Appellee.
No. 57-220.
District Court of Appeal of Florida. Third District.
December 20, 1957.
*892 Michael M. Tobin and Arnold Nevins, Miami, for appellant.
Carey & Papy, Miami, for appellee.
CARROLL, CHAS., Chief Judge.
This is an appeal from a judgment of the Circuit Court in Dade County entered on a verdict for the defendant, in an action to recover damages for personal injuries.
Plaintiff was struck by defendant's automobile while directing traffic in his capacity as a county employed school patrolman, at an intersection. Defendant denied negligence and pleaded contributory negligence.
The following two points are presented by the appellant for determination on this appeal:
"I. Whether or not the trial court erred in failing to instruct the jury on the `last clear chance' doctrine after having been requested to do so by the plaintiff.
"II. Whether or not the trial court erred in failing to instruct the jury of the degree of care for his own safety that must be exercised by a school patrolman while engaged in the performance of his duties in a public street, as distinguished from the degree of care that must be exercised by an ordinary pedestrian."
The record discloses that this accident occurred on a clear afternoon, in a slow speed school zone at an intersection, at which there was a traffic control light. The plaintiff, who was in uniform, was engaged in directing traffic near the center of the intersection.
The situation was one where the defendant driver, after stopping for a red light, was proceeding through the intersection on a green light behind an automobile which was turning left under the direction of the plaintiff, who, in order to permit passage of the left turning car, stepped backward into the lane in which the defendant was driving. Testimony *893 given by the defendant disclosed that before proceeding into the intersection she was aware of the fact that the plaintiff was in the intersection; that she saw him regulating the car ahead of her executing a left turn; that she knew he was required to move from in front of the left turning car, and she saw him take "a step or so" backward toward the point where the collision occurred; that she shouted a warning to him just before the impact; and that she was proceeding at about five miles per hour and continued in a straight line, and made no effort to stop before the impact occurred.
The court charged the jury regarding negligence, and on contributory negligence, but refused the appellant's requested charge on last clear chance, and we hold that the refusal of the court to charge on last clear chance, on the facts and circumstances in this case, constituted prejudicial error.
In Wawner v. Sellic Stone Studio, Fla. 1954, 74 So.2d 574, the Supreme Court held the trial court erred in refusing to charge on the last clear chance, in a case in which the factual situation was similar to this case in material respects. There the plaintiff was working in the street, operating a surveyor's transit. He was observed by the driver while still fifty or sixty feet away. There was evidence that the driver's view of the surveyor was cut off momentarily thereafter, but there was evidence also that the driver did not decrease his speed of about thirty miles an hour or change direction, and that he continued in a straight line without applying brakes or sounding a warning before impact. In the opinion, the Supreme Court gave the following example (74 So.2d at page 576):
"For example, assume a situation where an approaching motorist sees a person on a highway. If the motorist sees the person in a position of danger under circumstances from which the motorist does or should realize the other is not likely to extricate himself, the question is whether the motorist, at the time he realized, or should have realized, the other's peril, then had sufficient time and means to avert the threatened injury. If the motorist has such time and means, he clearly has in fact the last clear chance to avert harm, and the doctrine is applicable. It applies because, at the moment the motorist did or should have realized the peril, a duty arises for him to use his existing ability to avoid injury. Failure to do that, resulting in injury, is negligence which is the proximate cause of the accident. * * *"
The Supreme Court in the Wawner case, on considering the facts and circumstances of that case, concluded that whether the driver had the time and the means to avert the injury and negligently failed to do so was a question of fact to be decided by the jury. See also: Merchants' Transp. Co. v. Daniel, 109 Fla. 496, 149 So. 401; Williams v. Sauls, 151 Fla. 270, 9 So.2d 369; Springer v. Morris, Fla. 1954, 74 So.2d 781. After discussing the facts in the Wawner Case, the Supreme Court, in reference to the failure to charge on last clear chance said (74 So.2d at page 579):
"We hold that under the facts here presented the jury might have found that, when the driver saw appellant in a position of danger, the driver had the time and means to avert injury and negligently failed so to do. Therefore, it was error to fail to charge the jury on the last clear chance. Nor can it be said that the error was harmless. When the court below instructed the jury on contributory negligence, it in effect stated that, if plaintiff was negligent in going into and standing in the street and that this negligence contributed to the accident, a verdict must be for defendant, without regard to any subsequent conduct of the appellee's driver which itself may have *894 been negligence proximately causing the accident. * * *"
Where findings of fact compatible with the doctrine of last clear chance are within the range of those permissible to be made by the jury on the evidence, the court's charge should explain the doctrine and authorize its consideration and application by the jury dependent upon their findings establishing applicability.
On the second question also, we hold that it was error to refuse the requested charge relating to the status of the school patrolman when directing traffic in the street, the substance of which was that the acts of a traffic patrolman or school patrol officer, when duties require him to be in the street, must be judged by a standard more liberal than in the case of an ordinary pedestrian who has no care other than his own safety, in determining whether he has been guilty of negligence when struck by an automobile. Prior v. Pounds, 113 Fla. 308, 151 So. 890; Boyle v. Bunting Hardware Co., Mo. App., 238 S.W. 155; Fitzsimons v. Isman, 166 App.Div. 262, 151 N.Y.S. 552; Beyrent v. Kaplan, 315 Pa. 353, 172 A. 651, 92 A.L.R. 1515; Tanner v. Pennsylvania Truck Lines, Inc., 363 Pa. 136, 69 A.2d 366; Blashfield, Cyc., Automobile Law and Practice, Vol.2A, § 1577, p. 521.
In Prior v. Pounds, supra [113 Fla. 308, 151 So. 892], the Florida Supreme Court said:
"A police officer may enter a street or other public highway at any point in the discharge of his duty. In doing so he is charged with the exercise of reasonable care to preserve his safety, but when he has done this he has a right to assume that the traveling public will be equally diligent and exercise all reasonable care to avoid running him down or endangering his life or limb. * * *"
The rule on that feature is stated more fully in the Pennsylvania case of Tanner v. Pennsylvania Truck Lines, Inc., supra [363 Pa. 136, 69 A.2d 368], as follows:
"* * * The acts of persons whose duties require them to be on the highway must be judged by a standard more liberal than in the case of an ordinary pedestrian who has no care other than his own safety: Justice v. Weymann, supra, 306 Pa. [88] at page 92, 158 A. 873; Valente v. Lindner, 340 Pa. 508, 510, 17 A.2d 371; Copertino v. Chrobak, 346 Pa. 49, 51, 29 A.2d 504. Appellee was engaged in the performance of his official duties, at a place where his work required him to be, and while he was so occupied had a right to assume that he would not be struck by any vehicle that was under proper control."
We have not found error in the refusal to give certain charges, without first having read and considered all charges given by the trial court. Although the law appears to have been fairly presented to the jury on the charges given, such charges were calculated to confuse or mislead the jury under the peculiar circumstances of this case without the addition of the charges we have discussed, one of which would be calculated to have material bearing on the jury's determination of the question of negligence on the part of the plaintiff, and the other of which would permit the jury's fuller consideration of whether the defendant was negligent in a manner proximately causing the injuries notwithstanding possible negligence on the part of the plaintiff.
For the reasons set forth in this opinion the judgment appealed from is reversed and the cause is remanded for new trial.
Reversed and remanded.
HORTON and PEARSON, JJ., concur.