## JAMES C. CLAYBORNE *v.* JOSEPH R. MUELLER, JR. ET UX.

[No. 290, September Term, 1971.]

*Decided December 2, 1971.*

---

532

The cause was argued before ORTH, POWERS and GILBERT, JJ.

*Hamilton O'Dunne,* with whom were *Patrick A. O'Doherty* and *O'Doherty, Gallagher, Hegarty & Coughlin* on the brief, for appellant.

*Leonard Passano Baker, Jr.,* with whom was *Marvin Ellin* on the brief, for appellees.

GILBERT, J., delivered the opinion of the Court.

A $3500.00 judgment in favor of Joseph R. Mueller, Jr., against James C. Clayborne, rendered as a result of a jury trial in the Baltimore City Court before Judge Joseph L. Carter, has led to this appeal.

The appellant raises three questions:

1. Was the appellee guilty of contributory negligence as a matter of law?
2. Did the appellee assume the risk by his actions?
3. Was the trial judge in error in instructing the jury that the matter before it did not involve a "pedestrian case?"

On Sunday night, March 29, 1970, the appellee, in the performance of his duties as a police officer, stopped a motorist for a minor traffic violation.[1] After the appellee handed a "repair order"[2] to the motorist that he had previously halted, the motorist asked the appellee a question. The appellee returned to a position variously described as being six inches to fifteen inches from the driver's door of the halted vehicle, and a conversation ensued. The appellee's patrol car was stopped in the rear of the motorist's vehicle.

The appellee testified, as did a witness, that the red

---

1. Inadequate muffler.
2. A police officer has the prerogative, pursuant to some traffic violations under Article 66½, such as inadequate muffler, to issue a "repair order" in lieu of a traffic violation summons.

dome light of the police vehicle was lit, its headlights were on, and the turn signal was operating. However, the appellant said he did not see these lights. While the appellee was standing beside the car door talking to the motorist, he was struck by a vehicle operated by the appellant.

The accident occurred in the 4600 block of Liberty Heights Avenue, in Baltimore City. Liberty Heights Avenue runs generally east and west and is 50 feet wide. It is divided by a center line. The lane adjacent to the center line is 10 feet wide. The curb lane is 15 feet wide.

The police officer who investigated the accident testified that allowing for parked cars at the curb, the street would accommodate two lanes of moving traffic in each direction. The events described in this case arose in the east bound side of the street.

As the appellee was engaged in the conversation with the motorist, he observed an automobile also east bound being driven approximately "six to eight inches" from the street side of the parked cars. The appellee said he did not know what to do so he endeavored to run in front of the vehicle beside which he had been standing, grabbed the fender of the car, and attempted to hurl himself onto the hood of the car. As he did, he was struck. Appellee said he first observed the appellant's vehicle as it approached the rear of the stopped police car. The appellant testified that he was forced to drive close to the parked vehicles because another east bound vehicle had been drifting into his lane. The appellee was dressed in the customary uniform of the police department, that is, dark blue. The personal injuries that he sustained as a result of the happenings herein described ultimately gave rise to this litigation.

The jury found, as we have noted, in favor of the appellee and against the appellant. However, the jury found in favor of the appellant in the appellee's wife's claim against appellant, but no appeal has been taken from that finding.

534

The appellant's first and third arguments are so interdependent and intertwined that we shall discuss them as one.

Maryland has heretofore never passed upon the specific question here present, although in *Schutz, Jr. v. Breeback,* 228 Md. 179, 178 A. 2d 889 (1962), the Court of Appeals said that workmen who are required by their duties to be in the street "occupy a special status" and concluded that the question of whether or not such a worker had exercised reasonable care is for the jury to determine.

In *Tanner v. Pennsylvania Truck Lines, Inc.,* 363 Pa. 136, 69 A. 2d 366 (1949), a traffic officer was injured while he was directing traffic from a traffic island. The Supreme Court of Pennsylvania said at page 368:

> "* * * The acts of persons whose duties require them to be on the highway must be judged by a standard more liberal than in the case of an ordinary pedestrian who has no care other than his own safety: *Justice v. Weymann,* * * *, 306 Pa. at page 92, 158 A. 873; *Valente v. Lindner,* 340 Pa. 508, 510, 17 A. 2d 371; *Copertino v. Chrobak,* 346 Pa. 49, 51, 29 A. 2d 504. Appellee was engaged in the performance of his official duties, at a place where his work required him to be, and while he was so occupied had a right to assume that he would not be struck by any vehicle that was under proper control."

*Valente v. Lindner, supra,* relied on by appellant in support of his position, held that a policeman standing on the running board of a moving vehicle and who was thrown from it is guilty of contributory negligence as a matter of law. In *Valente,* the deceased officer had positioned himself on the running board while he was directing the defendant motorist to a hospital. The court noted that the decedent had voluntarily assumed a position of danger and pointed out that the officer could have given directions on how to get to the hospital other than

by climbing upon the running board of the motor vehicle in an effort to direct the defendant thereto. We think the facts in *Valente* to be inapposite to those in the instant case.

In *Sudbrook v. State*, 153 Md. 194, 138 A. 12 (1927), the Court of Appeals denied recovery to the surviving mother of a state police officer who had been killed while in the pursuit of a speeder. The testimony showed that the deceased officer was operating his motorcycle at a very high rate of speed when it collided with the side of a truck. Eyewitnesses testified as to the high rate of speed of the officer's motorcycle and physical evidence graphically portrayed the speed. The court said at page 201:

> "* * * The driver of the truck being in fault did not dispense with the officer's using ordinary care under the circumstances for his own protection. So, although the original and concurrent negligence of the truck driver were a cause of the motorcyclist's injury, it was a comparatively remote cause and, in the chain of circumstances, the proximate cause was the fault of the motorcyclist, since his own negligence was the immediate, closing, and efficient act when and as he received the injury of which he died. The material facts of this case are not only clear and uncontroverted, but are also distinct, prominent, and decisive, and from them the only conclusion to be drawn by all reasonable men is that the motorcyclist's own negligence, although concurrent with that of the driver of the truck, was the proximate cause of the injury of which he died, and, therefore, the question was for the court and not for the jury."

We do not think the factual situation upon which *Sudbrook* is grounded is applicable because here there are controverted material facts, and in view of the conflicting testimony, reasonable men may arrive at other than

a sole conclusion that the appellee was negligent as a matter of law..

*Lindenberg v. Needles,* 203 Md. 8, 97 A. 2d 901 (1953), states at page 14:

> "* * * It is constantly reiterated in the books that contributory negligence cannot be found as a matter of law, unless the evidence permits of but one interpretation which shows some prominent and decisive act in regard to which there is no room for ordinary minds to differ. *Beck v. Baltimore Transit Co.,* 190 Md. 506, 58 A. 2d 909; *Crunkilton v. Hook,* 185 Md. 1, 42 A. 2d 517; *Brown v. Bendix Aviation Corp.,* 187 Md. 613, 51 A. 2d 292.
>
> * * *
>
> "In the absence of the prominent and decisive act which constitutes contributory negligence as a matter of law, the question as to such negligence is for the jury. The burden of proving contributory negligence is on the defendant. *Klein v. Dougherty* [200 Md. 22, 87 A. 2d 821] and *Goldman v. Johnson Motor Lines,* [192 Md. 24, 63 A. 2d 622] * * *."

See also *Murphy v. Board of County Commissioners,* 13 Md. App. 497.

Here, there is evidence that the police vehicle was stopped, the red dome light lit, the headlights on and the left turn indicator functioning. Appellant denied seeing the various lights of the police vehicle. Such testimony is clearly indicative of more than one interpretation or one conclusion. We perceive no basis upon which the trial judge could have rationally determined that the evidence permitted the sole conclusion that the appellee was guilty of contributory negligence as a matter of law. *Lindenberg v. Needles, supra.*

Evidence showing the presence of a police officer in the street, in the performance of his duties, standing beside a vehicle, or in close proximity thereto, that was

stopped in front of a police vehicle upon which the dome lights, headlights and left turn signal were apparently functioning, does not constitute contributory negligence as a matter of law.

In the course of the trial judge's charge to the jury he said:

> "* * * As I said, this is not strictly a pedestrian case. But I know you have heard those instructions given, or I think you have, and I mentioned pedestrian situations as a background.
>
> * * *
>
> "* * * The Officer, of course, must keep a reasonable lookout for traffic and accommodate himself to the movement of the traffic under the circumstances and he may not just ignore it. Likewise the motorist must be vigilant also as to the traffic in the street in front of him. I suppose, as far as the pedestrian is concerned, in the average case at least, as distinguished from a police officer, his main objective is his own safety. The police officer, of course, is in the performance of his duty. In that connection, safety is not always the sole factor. The police officer must exercise reasonable care to preserve his safety and, as I said before, [the] traveling public must be equally diligent and exercise reasonable care to avoid injury to him or endangering his life and limb. In other words, I think you can boil it down to this: A police officer's legal duty is to keep a reasonable lookout and to exercise care in the circumstances commensurate with the dangers and consistent with his faithful performance of the duties of his employment as a police officer."

We have meticulously reviewed the jury charge and find no error.

The Florida Supreme Court held in *Prior v. Pounds*, 113 Fla. 308, 151 So. 890 (1933), that:

"A police officer may enter a street or other public highway at any point in the discharge of his duty. In doing so he is charged with the exercise of reasonable care to preserve his safety, but when he has done this he has a right to assume that the traveling public will be equally diligent and exercise all reasonable care to avoid running him down or endangering his life or limb * * *."

A similar holding is present in *Radtke v. Loud* (Fla.) 98 So. 2d 891 (1957).

In Blashfield, *Cyc. of Automobile Law and Practice*, Vol. 2A, § 1573, 1951 Perm. Ed., p. 511, it is stated:

"The general rule as to the care required from motorists toward workmen in the streets applies to the care due policemen, particularly when they are in the street in the performance of their duties as traffic officers. * * *"

We think a police officer, while in the performance of his duty, may enter a street or highway at any point, but he is charged with the responsibility of using reasonable care to prevent being struck by a motor vehicle. However, he is not charged with the same degree of care required of an ordinary pedestrian. The rule to be applied, in light of the work of the police officer, is similar to that applied to persons who are employed by a municipal highway department, or a State Roads Commission, to work upon the streets, roads and highways. *Schutz, Jr. v. Breeback, supra; Fitzsimons v. Isman*, 166 App. Div. 262, 151 N. Y. Supp. 552 (1915).

A police officer, standing in the street and engaged in the pursuit of his occupation, cannot carry out his duties as fully as are expected, if not required, and at the same time remain as alert to moving traffic as are pedestrians and other travelers of the road. The question of whether or not a police officer has exercised reasonable care is ordinarily for the jury. *Schutz, Jr. v. Breeback, supra.*

Having determined that a police officer under the circumstances here present occupies a special status, we see no need to discuss the holdings of the Court of Appeals and this Court on the question of contributory negligence of ordinary pedestrians.

We find no merit in appellant's argument that the appellee assumed the risk of his injuries. The doctrine of assumption of the risk is not applicable to those persons such as workers in the street, traffic directors or police officers exercising traffic control and regulation enforcement if they are in the course of the normal pursuit of their duties. See annotation in 98 A.L.R.2d 1202, *Hedding v. Pearson,* 76 Cal. App. 2d 481, 173 P. 2d 382 (1946) ; *McAllister v. Cummings,* 12 Cal. Rptr. 418, 191 Cal. App. 2d 1 (1961).

*Judgment affirmed.*
*Costs to be paid by appellant.*