CARROLL, Judge
(dissenting).
When there are facts presented in evidence upon which a jury reasonably could find that a pedestrian in or about to be in a perilous situation was observable to a driver of an automobile from a distance sufficient to have permitted the driver to avoid hitting the pedestrian, if the driver had been exercising due care with reference to the duties of such a driver to pay attention to what was ahead of him, to see that which was there to be seen and to drive his vehicle in a manner so as to have it under control, the charge of last clear chance should be given, and the jury permitted to apply it or reject it, depending upon their findings on the facts bearing on the applicability of the doctrine, as given to them in charge.[1] In my opinion this was such a case, and it was error to refuse to give the charge on last clear chance.
To withhold a charge on last clear chance where it should be given in a pedestrian-automobile accident case, is tantamount to directing a verdict for the de *76 fendant. This is so because the case then goes to the jury on the issues of negligence of the driver and contributory negligence of the pedestrian, with a charge that the contributory negligence of the latter will preclude recovery, yet in every case where last clear chance may be applicable, the plaintiff will have been negligent, but is to be relieved therefrom if the defendant had the last clear chance.
Where the driver of an automobile, if he were looking ahead to see what is there to be seen, could and should have seen the pedestrian in time to avoid the injury, I do not feel he should be absolved and relieved of the effect of the law of last clear chance, by relying on his own negligent inattention as an excuse for not doing so, or, in such a case by simply saying he did not see the pedestrian until he struck him or her, or until he was so close he could not avoid hitting the pedestrian. In my opinion the judgment in this case should be reversed and the cause remanded for new trial.

. In Radtke v. Loud, Fla.App.1957, 98 So.2d 891, 894, the court said:
“Where findings of fact compatible with the doctrine of last clear chance are within the range of those permissible to be made by the jury on the evidence, the court’s charge should explain the doctrine and authorize its consideration and application by the jury dependent upon their findings establishing applicability.”