## The North Baltimore Passenger Railway Company *vs.* Charles Kaskell.

### *Passenger on Street car—Presumption of Negligence—Contributory negligence.*

Where a passenger on a street car, while being carried therein, has his hand mashed by a collision with a freight car standing on another track, close to that of the street car company, the presumption of negligence on the part of the company arises, and to escape liability it must show that the injury did not result from its negligence, or that it could have been avoided by the exercise of ordinary care by the passenger.

Where in an action against a street car company for injury to a passenger, the evidence shows that the car being off the track, and loaded beyond its reasonable capacity, its aisle and rear platform crowded, was driven rapidly over cobble stones for two squares, without any effort on the part of the driver to replace it, and collided with a freight car standing on a switch distant from the street car track between four and five feet, the defendant's liability should be submitted to the jury where the evidence is conflicting as to when or how the plaintiff, whose hand was mashed by the collision, came to grasp the window post, and the justifying necessity for so doing.

*Pittsburg and Connellsville Railroad Co. vs. Andrews,* 39 *Md.,* 353, distinguished from this case.

Appeal from the Court of Common Pleas.

The case is stated in the opinion of the Court.

*Exception.*—At the trial in the lower Court the testimony on both sides being closed, the plaintiff offered two

NOTE. The presumption of negligence from occurrence of accidents to passengers and others, is presented with a full review of the authorities in a note to *Barnowski vs. Helson,* (*Mich.,*) 15 *L. R. A.,* 33.

prayers, which the Court (PHELPS, J.,) granted. The first prayer is set out in the opinion of this Court. The second as to the matters proper to be considered by the jury in estimating the damages should they find for the plaintiff, is omitted, no exception being taken to it by the defendant.

The defendant offered four prayers. The first and fourth prayers were rejected and the second and third were granted. The rejected prayers of the defendant are sufficiently stated in the opinion of this Court. The defendant excepted to the granting of the plaintiff's first prayer, and to the rejection of its first and fourth prayers. The verdict and judgment being for the plaintiff, the defendant appealed.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, PAGE, ROBERTS, BOYD, and BRISCOE, J.

*Nicholas P. Bond,* for the appellant.

*Isidor Schoenberg,* and * *Charles W. Field,* for the appellee.

ROBERTS, J., delivered the opinion of the Court.

The plaintiff, whilst a passenger on one of the defendant's cars, was injured in the hand, in consequence of the car colliding with one of the freight cars of the Western Maryland Railroad Company.

It appears from the testimony that on the night of September 9th, 1891, the plaintiff took passage on one of the defendant's Centre street line of cars, in the City of Baltimore, and whilst a passenger thereon, the car ran off the track at the east end of Centre street bridge crossing Jones' Falls, and continued off the track with-

*The Court declined to hear Mr. Field, deeming it unnecessary.

out effort on the part of the driver to replace it, until it had ran down Centre to Front street, then into High street, and down High to Hillen street, a distance of more than two squares. On the night of the injury, just at the street corner, where the car makes a sharp turn to the right into Front street, there was a Western Maryland box freight car standing. The driver of the street car allowed the same to be drawn over the cobble stones with such rapidity that the rear of the car was thrown around so far to the left, that it was brought into collision with the freight car, thus lacerating and mashing the right hand of the plaintiff, with which, at the moment of accident, he was holding on to one of the uprights or sash between the windows of the car. When he first took hold of the upright or sash, is one of the questions of importance, which this appeal presents, and about which the testimony is conflicting. It appears from the testimony offered on the part of the plaintiff, that the car was densely crowded; passengers were standing in the aisle, and filling the rear platform; the car was jolting heavily, and passengers with difficulty retained their seats in the car. The plaintiff in his testimony says: "That he just took hold of the window when the car got off the track, because otherwise he could not hold himself; that was the first time he had his hand on the window; that he did not have his hand hold of the window before that." The defendant offered testimony tending to show that the plaintiff, before, and at the time the car ran off the track, had been sitting with his elbow resting on the sill of the window of the car, and his hand clasped around the post of the window, the back of his hand being outside the car.

The questions which have been discussed before us, arise on the exception to the granting of the plaintiff's first prayer, and to the rejection of the defendant's first and fourth prayers. The plaintiff's first prayer presents

no new proposition of law, and has on more than one occasion had the approval of this Court.

The prayer is as follows: "If the jury believe that the plaintiff was a passenger on one of the defendant's cars, and whilst being carried therein, was injured by a collision of said car with a railroad car on another track, close to defendant's track, then the presumption is, that the injury resulted from the negligence of the defendant, and the plaintiff is entitled to recover, unless the defendant shows that said injury did not result from its negligence, or that the accident could have been avoided by the exercise of ordinary care on the part of the plaintiff."

The criticism which has been indulged in with respect to this prayer is rather hypercritical than sound or practical. It is contended that the prayer (except for unimportant verbal alterations) is the same as that passed upon, and condemned by this Court, in *Pittsburg & Connellsville R. R. Co. vs. Andrews*, 39 *Md.*, 353. But this is an error. The prayer in the *Andrews Case* was disapproved because it failed to instruct the jury as to the effect of contributory negligence on the part of the plaintiff. The Court there says: "No doubt the Court intended the last clause of its first instruction as a modification of this prayer, but as the two stand, and upon the assumption there was no error in that given by the Court, there seems to be a plain inconsistency between them well calculated to confuse and mislead the jury." The last clause of the Court's instruction in the *Andrews Case* is similar in all material respects, with the last clause of the plaintiff's first prayer in this case, and, we think announces the law correctly. The defendant's first prayer was properly rejected, because it is based upon a state of facts not found in the record. To say that the contributory negligence of the plaintiff appears from the uncontradicted evidence in the case is simply

to ignore the manifest meaning of the plaintiff's testimony, which flatly contradicts the testimony of the defendant in every material respect.

In the *Andrews Case, supra,* page 352, the Court, commenting upon this question, says: "It must be observed however, that while it is admitted the plaintiff's arm was out of the window at the time of the accident, there is a conflict of testimony as to how it came to be thus exposed, whether as stated by the plaintiff or by the witnesses for the defence. This question of fact it is the undoubted province of the jury to determine, and upon the weight of evidence in this respect, it is not our province to express any opinion."

We are of opinion that the defendant's fourth prayer was properly rejected. By this instruction the Court was requested to say, that if under the circumstances detailed in the record, the plaintiff took hold of the post of the window sash, &c., and kept his hand in the same position, until the happening of the injury complained of; and that the injury complained of would not have occurred, if the plaintiff had not so had his hand outside of said car, &c., then the verdict of the jury must be for the defendant, unless they shall find that there was some controlling or justifying necessity for the plaintiff so to put and keep his hand on the outside of said car, *and there is no evidence in the case of any such controlling or justifying necessity or cause.* In this instruction we have substantially the same question which is presented by the preceding prayer, and for like reasons already assigned, we might dispose of the exception without further comment. The question is, however, important in view of the fact that street car travel has become very common, and of recognized convenience and comfort. It would very soon cease to be either convenient or comfortable if the drivers or managers of cars were to be permitted to adopt cobble stones for tracks, especially

North Baltimore Passenger Railway Co. *vs.* Kaskell.

when cars are overcrowded. No reasonable excuse can be assigned for the conduct of the driver of the car, on which, the plaintiff was injured, in allowing the same to remain off the track for two squares, without effort on his part to replace it. The question of contributory negligence *vel non*, must depend upon the facts of each particular case. There is no arbitrary rule by which all cases are to be classified and determined. Whilst it has been generally held to be the correct doctrine, that where one, as in the *Andrews Case*, allows his arm or elbow to protrude from the window of a moving car, and is injured thereby, he is not entitled to recover for the reason that his negligence has directly contributed to produce the injury. But the facts of this case are materially variant from those to be found in the *Andrews Case*, and the other cases where the same doctrine is held. Here we have a street car off the track, driven rapidly over cobble stones for two squares, loaded beyond its reasonable capacity, its aisle and platform crowded, colliding with a freight car standing on a switch of the Western Maryland Railroad Company, distant from the street car track between four and five feet, which could have been seen by the driver, if properly attentive to his duty, and no effort made on his part to replace the car on its proper track, by which the accident could have been avoided. This describes a case of negligence pure and simple. As to when or how the plaintiff came to grasp the window post, and the justifying necessity for so doing, the testimony is conflicting, but it must have happened either according to the plaintiff's statement or that of the defendant's witnesses, and, under the circumstances, the question was solely for the determination of the jury, and beyond the province of the Court to determine. *Pittsburg & Connellsville R. R. Co. vs. Andrews,* 39 *Md.,* 353.

We think the Court below has correctly announced the law, and given to the defendant all the law to which it

was entitled. We find no error in the rulings below and therefore affirm the judgment.

*Judgment affirmed.*

( Decided 23rd January, 1894.)