THEODORE E. NEWHOUSE, PLAINTIFF-RESPONDENT, v. VIOLA R. PHILLIPS, EXECUTRIX OF THE ESTATE OF HARRY PHILLIPS, DECEASED, TRADING AS PHILLIPS EXPRESS COMPANY, DEFENDANT-APPELLANT.

Argued February 8, 1933—Decided April 27, 1933.

For the defendant-appellant, *French, Richards & Bradley.*

For the plaintiff-respondent, *James Mercer Davis.*

The opinion of the court was delivered by

DONGES, J. Appellant's testator was the owner of a truck, operated by his servant and agent, which collided with an automobile operated by the respondent. The collision occurred at the intersection of the Burlington Pike and the Fieldsboro road in Burlington county. Trial was had at the Burlington Circuit of the Supreme Court, which resulted in a verdict by a jury in favor of respondent and against appellant, upon which judgment was entered. On this appeal from that judgment, appellant writes down nine grounds of appeal, which challenge the refusal of the trial judge to grant appellant's motion for a nonsuit, his rulings on the admission of evidence, and his charge to the jury.

The proofs in the case were susceptible of a finding that the respondent was proceeding northerly on the Burlington Pike; that when he reached the intersection of that highway with the Fieldsboro road, he put out his left hand to indicate to an automobile in his rear his intention to turn to his left into the Fieldsboro road; that he then observed a vehicle approaching from the opposite direction; that he stopped his automobile on his right side of the road, or with the left wheels of his automobile near the center line of the Burlington Pike, to afford the vehicle so approaching an opportunity to pass on his left; that the truck attempted to pass upon his left, but so close to respondent's automobile that the overhang of the truck or its cargo side-swiped repondent's automobile, carrying away the door handle and crushing respondent's forearm which was still protruding from the window of his automobile; that the truck did not proceed upon its right side of the road, but was too far to its left to admit of the two vehicles passing without collision.

The first point argued as reversible error is the refusal of the trial court to grant appellant's motion for a nonsuit, because of failure of proof of appellant's negligence and because of respondent's contributory negligence. We conclude that these questions were properly left to the jury, under the evidence adduced, and that there was no error in refusing the motion to nonsuit.

The second point argued is that the trial court erroneously sustained an objection to the attempted cross-examination of respondent as to the amount of rent he was paying for his dwelling house. We do not find in the ground of appeal the testimony and ruling referred to, and it is, therefore, not properly before us. However, the testimony set out in the appellant's brief was, in our view, properly excluded.

The third point challenges the propriety of the court's ruling in sustaining an objection to a question propounded to a witness as to whether in her written statement she had not said the accident was unavoidable by appellant and respondent, and that it was the fault of the car in back of respondent's car. This question clearly called for a conclusion of the witness. The statement was admitted in evidence, so that, in any event, appellant had all of the advantage of the witness's statement and its contents.

The next point of appellant is that the court charged the jury that certain statements (*Exhibits D-1, D-2, D-3, D-4, D-5* and *D-6*) were not principal evidence in the case but were available only for purposes of impeachment. The court said with respect to the statements: "They are not in this case for the purpose of proving the truth of the statements contained in them; they are introduced and admitted as evidence in the case for the purpose of attacking the credibility of the witnesses who made them. \* \* \* I repeat to you that they are not evidence of the truth of the statements contained therein, but you may take them into consideration in determining whether or not the witnesses upon the stand to-day have told the truth, in view of the fact that they made contradictory statements at some prior time."

*Exhibits D-1* and *D-2* were statements of the respondent, and *Exhibits D-3, D-4, D-5* and *D-6* were statements of witnesses. As to the statements of the witnesses the rule is that they are admissible to contradict or discredit their testimony. It is otherwise as to statements of a party.

"The declaration of any party to a cause as to the subject-matter of the controversy—the issue in the cause—is competent to be proven by the opposite party as a substantive matter of proof for the plaintiff or defendant.

"Such evidence is not, as in the case of other witnesses, solely to contradict or discredit; it is affirmative proof. 11 *Am. & Eng. Encycl. L.* (*2d ed.*) 508." *McBlain* v. *Edgar,* 65 *N. J. L.* 634.

The exception relied upon is as follows:

"I would like to take exception to your honor's charge wherein your honor first referred to the statements and said that they were not evidence of the truth of the statements and said that they were not evidence of the truth of the statements contained therein, on the theory that if the jury believe, from the evidence offered, that the accident happened in the way it is said to have happened in the statements, then the jury has the right to consider the truth of the statements contained therein, as they then would be evidence of the truth of such statements contained therein."

The point made is that what the court said was accurate as applied to the statements of the witnesses, but was not accurate as to the statements of a party to the cause.

There was no request to charge upon this point, nor was there in the language of the exception any distinction pointed out to the trial court as to the evidential value of the statements of respondent and those of the witnesses.

The exception was taken generally to what the court said as to all of the statements, as to some of which the charge was accurate. In *Noyes* v. *State,* 41 *N. J. L.* 429; *affirmed,* 43 *Id.* 672, it was said:

"No rule regulating the trial of causes is more valuable or more settled than the requirement that an exception to the judicial charge, to be legal, must be explicit. If the exception embraces several legal propositions, and any one of them be unexceptionable, the objection fails. Counsel must put his finger on the erroneous proposition, and thus point the mind of the judge to it; if he challenges any part of the charge in bulk, assigning no reason for such challenge, and a bill is allowed on the point, the risk of any legal ingredient being found in such bulk, is that of the party so excepting."

In this case, the statements were admitted at one time. At no time was it pointed out to the trial court that the

appellant regarded the statements as being different in evidential value. The exception does not point it out. What was said was accurate as applied to the statements of witnesses. An exception taken should have directed the judge's attention to the distinction now urged. The exception taken is unavailing to raise the point now urged for reversal.

The next point urged is that the court erred in his charge to the jury respecting the amount of recovery for hospital services. The attending physician testified as follows:

"*Q*. Do you know the services rendered, doctor? Do you know the kind of services that this man received at the hospital? *A*. Yes, sir.

"*Q*. And the attention? *A*. Yes, sir.

"*Q*. What sort of a room he was in, and so on? *A*. Yes, sir.

"*Q*. Now, doctor, did he have a nurse? *A*. I believe he had a nurse doing general service in the hospital.

"*Q*. And what is a fair charge per day for the services such as he received? *A*. It depends upon the room occupied by the patients.

"*Q*. Well, you were familiar with the room occupied by Mr. Newhouse? *A*. Yes. The charges in that room, I believe, are $3.50 a day.

"*Q*. And in your opinion is that a fair charge? *A*. That is the average cost per day per patient.

"*Q*. And it is fair? A. It is a fair charge."

This physician testified that he attended the respondent at the Chambersburg Hospital in Trenton from August 29th, 1931, to January 22d, 1932, during which time he was familar with the room occupied by him and the services rendered.

Respondent testified that he occupied a semi-private room for the first nine days and that at his request he was then moved to the ward.

The court charged the jury as follows:

"However, under the testimony as it was introduced, the amount of $3.50 per day was introduced and alleged to have been a reasonable charge for the hospital, and considering

the length of time during which the plaintiff was in the hospital, it amounts, if I am not mistaken in my figuring, to something over $500. That is for the hospital bill. I think that is correct from the figures that were given. These are the expenses to which the plaintiff was put as the result of this accident."

The exception taken was:

"I would also like to except to that portion of your honor's charge wherein your honor said that the evidence was that a reasonable charge for the hospital bill would be $3.50 a day. It is my recollection that the testimony was to the effect that a reasonable charge of $3.50, as testified to, was for the services and a room, and this plaintiff has testified that he only occupied a room for a few days, and he thereafter occupied a ward bed."

The exception challenges the charge of the court only as to the length of time that the charge of $3.50 per day was to be applied. In view of the testimony of Dr. Berger that he was familiar with the room occupied by the respondent and with the services rendered, it may be assumed that he referred to the room actually occupied and the services received during the patient's stay at the hospital, and that he had in mind the value of the services rendered to plaintiff during the greater part of his stay; that is the four months in the ward rather than the nine days in the semi-private room. If this were not the fact, examination would have discovered the truth. We conclude there was no error in this portion of the court's charge.

The next point urged for reversal is that the trial court failed to limit the recovery for loss of earnings, pain and suffering and permanent disability to the present value of such elements of damage. The exception is general and is that "you referred to the amount of damages that could be awarded to the plaintiff if they find in favor of the plaintiff, for the reason that you failed to take into consideration the present value, or present worth of his loss, because the jury, under your honor's charge, can give a lump sum that would not be the present value of that money, which would have to

be as his loss would have to be, extended over a period of time." This exception does not point out the alleged defect in the charge of the court. Much of the damage was for expenses, pain and suffering and loss of earnings already incurred, so that, as to such elements of damage, there could be no application of the rule sought to be invoked by appellant. Such rule could apply only as to future losses, suffering and disability. This, however, was not the purport of the exception taken. What the trial court said was unexceptionable. The objection now urged is the failure of the court to charge more fully than was done on the question of future losses. No request to charge was submitted, either in advance of the charge, or at the conclusion thereof, when counsel conceived there was a harmful omission. We conclude that, in the situation presented, there was no reversible error in the respect now urged.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ. 10.

*For reversal in part*—PARKER, LLOYD, WELLS, JJ. 3.