22 N.J. Super. 212 (1952)
91 A.2d 627
WILLIAM CHERR AND YETTA CHERR, PLAINTIFFS-RESPONDENTS,
v.
JOSEPH RUBENSTEIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 20, 1952.
Decided October 22, 1952.
*214 Before Judges JAYNE, PROCTOR and SCHETTINO.
Mr. Robert E. Pollan argued the cause for appellant (Mr. Carl F. Nitto, attorney; Mr. Aaron Z. Schomer, Messrs. Gurtman & Schomer, of counsel; Mr. Joseph P. Piscopo, on the brief).
Mr. Joseph B. Stadtmauer argued the cause for respondents.
The opinion of the court was delivered by JAYNE, S.J.A.D.
It must be immediately realized that where no stenographic record of the evidence has been taken in the district court, our appellate survey of the case is confined to the statement of the proceedings settled by the trial judge pursuant to Rule 1:2-23; 4:2-6. See, also, Rule 7:13-3. Bancroft Realty Co. v. Alencewicz, 7 N.J. Super. 105 (App. Div. 1950); Bayuk v. Feldman, 11 N.J. Super. 317 (App. Div. 1951), certif. denied, 6 N.J. 615 (1951); State v. Goldberg, 12 N.J. Super. 293 (App. Div. 1951); Hopper's, Inc. v. Red Bank Airport, Inc., 15 N.J. Super. 349 (App. Div. 1951); Goldman v. Shapiro, 16 N.J. Super. 324 (App. Div. 1951).
Our Supreme Court has stated that: "Facts and inferences drawn from facts which are outside the record have no place in the argument of an appeal." Lang v. Morgan's Home Equipment Corp., 6 N.J. 333, 340 (1951).
With the scope of our review of the present case thus necessarily circumscribed, we are unable to discover in the court's statement of the proceedings filed in lieu of transcript any foundation to which some of the points argued by the defendant-appellant in his brief can be properly addressed.
*215 This action was prosecuted in the Passaic County District Court by the plaintiffs as landlords of the premises designated as No. 104 Park Place, Passaic, to recover from the defendant as the alleged tenant of an apartment in the building, the rent claimed to be unpaid for the months of December 1951 and January, February and March 1952. In conformity with the verdict of the jury, the judgment under review was entered in favor of the plaintiffs and against the defendant in the sum of $140.
Under point I counsel for the defendant represents to us that in his opening address to the jury he announced that proof would be introduced "as to refusal of his wife (the daughter of the plaintiffs) to let him live with her, so that under the law (1) he was absolved from all liability for the payment of rent; and (2) she alone was liable for the payment of rent, by reason of the joint nature of the obligation of husband and wife to pay rent, if she continued to live in the premises after she had locked her husband out."
No mention of this episode or of any adverse and obstructive ruling by the trial judge appears in the record. The statement of the trial judge reveals that the defendant testified concerning a visit of his father-in-law to the former's office on December 7, 1951, at which his father-in-law, one of the plaintiffs, informed him that he no longer desired the defendant to occupy the apartment as a tenant. The occurrence of that conversation constituted the main controversial issue submitted to the jury for determination. We are cognizant of the stipulation of the defendant that he was the tenant.
In a similar setting is the defendant's ineffectual criticism of the action of the trial judge in sustaining an objection to a question propounded to the defendant's witness David Weiner. Here is our only authentic information concerning it:
"One David Weiner who was sworn as a witness was asked a question relative to a conversation with one of the plaintiffs, William Cherr, pertaining to the tenancy of the defendant, which conversation *216 did not occur in the presence of the defendant. Objection was made on the ground that the question was irrelevant, which objection was sustained by the Court." (Italics ours.)
It is elementary that a relevant statement or admission against interest made by a party to the action constitutes an affirmative matter of substantive proof by the opposite party, and it need not, as in the case of mere witnesses other than parties to the action, be shown to have been made by the one party in the presence of the other. McBlain v. Edgar, 65 N.J.L. 634 (E. & A. 1901); Newhouse v. Phillips, 110 N.J.L. 421 (E. & A. 1933).
We are here obliged to accept the court's statement that the objection was sustained because of the irrelevancy of the question. But what was the question? Of this the record before us is as bald as a cannon ball. For aught we know the question may have been as immaterial as a moonbeam. A judgment is not to be reversed and a new trial granted because of the improper exclusion of evidence unless, after an examination of the entire case, it becomes manifest that the error injuriously affected the substantial rights of the appellant. Rules 1:2-20; 4:2-6. The burden descends upon the appellant to expose the injurious and prejudicial result. Vide, Gibson v. Pennsylvania Railroad Co., 14 N.J. Super. 425, 434 (App. Div. 1951).
We notice that in the proposed statement of proceedings which the defendant-appellant unsuccessfully submitted to the trial judge for authentication it is stated that "the defense attorney announced to the court that his purpose in calling the witness David Weiner was to show an admission against interest made by the plaintiff, William Cherr * * *," but we cannot inquisitively borrow from that source any specific information concerning the import of the admission sought to be proved.
This appeal exhibits the recurrent disadvantage resulting from the absence of a stenographic transcript of proceedings in our district courts.
*217 There remains the contention that the verdict was contrary to the weight of the evidence. It does not appear that an application for a new trial was made initially to the trial judge. Cf. Rules 1:2-20(a); 4:2-6. However, it cannot be said from the examination of this record that it clearly and convincingly appears that the verdict was the result of mistake, partiality, prejudice, or passion. Rule 1:2-20(a); Rapp v. Public Service Coordinated Transport, etc., 9 N.J. 11 (1952).
Affirmed.