LINDENBERG *v.* NEEDLES ET AL.

[No. 169, October Term, 1952.]

Decided July 2, 1953.

The cause was argued before SOBELOFF, C. J.. and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*James R. Crook, Jr.,* and *John D. Alexander,* with whom were *Wm. Pepper Constable* and *Constable, Alexander & Daneker* on the brief, for the appellant.

*Clater W. Smith,* with whom were *M. King Hill, Jr.,* and *Clark, Thomsen & Smith* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

Dr. Richard Lindenberg sued John O. Needles and Ellen Wilson Needles, his wife, to recover from injuries he sustained when his left hand came in contact with the rear of a station wagon owned by Mr. Needles and driven by his wife. Either the jury was not persuaded by the plaintiff's testimony as to the negligence of the defendant, Mrs. Needles, (Mr. Needles was let out of the case by the Trial Court) or was persuaded by the defendant that the plaintiff was guilty of contributory negligence. The basis of Dr. Lindenberg's appeal from the judgment for the defendant is that there was no evidence of contributory negligence on his part and that the Trial Court erred in instructing the jury that they might find for the defendant if they determined that he "could have avoided injury to his arm or wrist by the exercise of ordinary care on his part." There was an exception to the instruction on the ground that there was no evidence legally sufficient to carry this issue to the jury.

The record discloses that Dr. Lindenberg, driving in the southernmost lane on Franklin Street (a one-way westbound street in Baltimore City), crossed Charles

Street and as he did so, observed the station wagon directly ahead of him. Midway of the block, between Charles and Cathedral Streets, Mrs. Needles gave a hand signal indicating that she was slowing down, and then one indicating a left turn into a parking lot, the driveway of which opens on to the south side of Franklin Street. When he observed Mrs. Needles' signal that she was turning to the left, the doctor brought his car to a stop; as he says: "I came to a complete stop until Mrs. Needles pulled her car onto the sidewalk and had cleared the lane." He had put his hand out to indicate that he was stopping, and after Mrs. Needles came to a stop on the inclined apron which crossed the pavement from the curb to the parking lot, Dr. Lindenberg drove slowly forward. The traffic light at the intersection of Cathedral and Franklin Streets to the west of him had turned red and all of the cars in front of him had stopped. The parties are in disagreement as to what then ensued.

The appellant's version is that as his car came even with the rear end of the station wagon standing on the inclined ramp leading up to the parking lot, it suddenly and without warning rolled backward into Franklin Street. The doctor thus describes it: ". . . suddenly I saw with a glance her car started rolling back, and at the same moment I tried to go more to the right and pull in my arm or tried to take in my arm, and while I was doing that I felt a blow against my wrist and suddenly found that my arm was in the car, came immediately to stop, the rear end of my car being approximately at the level of her car and just in the center of the lane." He looked at his hand and realized that he had a Colles fracture. The plaintiff testified that there was no contact between the rear of the station wagon and his automobile, although in his 1941 model car, the front and rear fenders project out from the body of the car.

The appellee's version of the accident is that she was driving in the south lane on Franklin Street, pulled

up onto the apron leading into the parking lot and stopped because the lot was full and she had to wait for the attendant to tell her whether he would have space for her. Shortly after that, Dr. Lindenberg's car stopped approximately ten or twelve feet to the west of her and he got out, holding his wrist. She rolled down the window and asked him if she could be of any help, and he said, according to her: "No, I hurt my wrist. It isn't your fault." The parking lot attendant came up, took her car, and she went on to her place of employment nearby on Charles Street. She thinks that she was on the apron approximately a minute, in any event, an appreciable length of time, before Dr. Lindenberg stopped his car. Her foot brake was on and she says her car did not move back during that time. She felt no impact or jar at any time. Because there was no space in the parking lot, she thinks that part of her car was hanging over the curb line of the street—some projection. "Just merely over the gutter," she says.

The Court instructed the jury that if they found that as Dr. Lindenberg was driving west on Franklin Street, Mrs. Needles' car backed down a slight incline, came into his hand as he had it outside, and that the reason he had it outside was to signal the cars behind him, then the verdict should be for the plaintiff; and on the other hand, if they should believe the defendant's version that her car did not back into the hand of Dr. Lindenberg, then the verdict should be for the defendant. Then, after instructing the jury as to damages and burden of proof, the Court told them: ". . . if you find that the defendant did back her station wagon or allow it to drift backwards as the plaintiff was attempting to pass the rear of it, yet if you further find that the plaintiff could have avoided injury to his arm or wrist by exercise or ordinary care on his part, then he is not entitled to recover and your verdict must be for the defendant."

After the exception to this instruction as to contributory negligence, the Court redefined burden of proof by telling the jury that the burden of proving primary negligence on the part of the defendant is on the plaintiff, and the burden of proving contributory negligence on the part of the plaintiff is on the defendant.

The case invokes familiar principles. It is constantly reiterated in the books that contributory negligence cannot be found as a matter of law, unless the evidence permits of but one interpretation which shows some prominent and decisive act in regard to which there is no room for ordinary minds to differ. *Beck v. Baltimore Transit Co.,* 190 Md. 506, 58 A. 2d 909; *Crunkilton v. Hook,* 185 Md. 1, 42 A. 2d 517; *Brown v. Bendix Aviation Corp.,* 187 Md. 613, 51 A. 2d 292.

Conversely, if there is no evidence of acts or conduct from which a reasonable mind could find or infer negligence on the part of a plaintiff, it is error to instruct a jury as to contributory negligence. *Goldman v. Johnson Motor Lines,* 192 Md. 24, 63 A. 2d 622; *Garozynski v. Daniel,* 190 Md. 1, 57 A. 2d 339; *Anne Arundel County Comm'rs. v. Carr,* 111 Md. 141, 73 A. 668; *Sieland v. Gallo,* 194 Md. 282, 71 A. 2d 45; and *Klein v. Dougherty,* 200 Md. 22, 87 A. 2d 821.

In the absence of the prominent and decisive act which constitutes contributory negligence as a matter of law, the question as to such negligence is for the jury. The burden of proving contributory negligence is on the defendant. *Klein v. Dougherty,* and *Goldman v. Johnson Motor Lines,* both *supra.* That is to say, that if the plaintiff has produced evidence which would justify a finding that the defendant was guilty of negligence directly contributing to the injury complained of, and does not reveal by his testimony that he was guilty of contributory negligence, it is incumbent upon the defendant, if he relies on that defense, to present the facts from which the plaintiff's negligence may either be found or properly inferred. If the plaintiff does not himself adduce evidence of negli-

gence on his part, and the defendant fails to produce testimony which will justify a finding of such negligence, the Court should not instruct the jury at all as to contributory negligence, or should instruct the jury, as a matter of law, that the plaintiff was not guilty of contributory negligence.

Rule 4 (III, Rules of Practice and Procedure) provides that: "In any proceeding tried by jury any party may move, at the close of the evidence offered by an opponent or at the close of all the evidence, for a directed verdict in his favor on any or all of the issues." The Court said in *Garozynski v. Daniel, supra*: "We perceive no reason why a peremptory instruction should not be granted at the instance of either party, if the circumstances permit of only one inference." The exceptions of the appellant to the Court's charge on contributory negligence amounted, in substance, to a request for a directed verdict for the plaintiff on the issue of contributory negligence.

The appellant was entitled to this instruction if there was no evidence from which a reasonable mind could find or infer that he had directly contributed to his own injury by behaving as an ordinarily prudent man would not behave, under the circumstances. *Garozynski v. Daniel,* and *Goldman v. Johnson Motor Lines,* both *supra.* In determining whether there was evidence in the case, which required the jury to consider the issue of contributory negligence, the testimony must be viewed in the light most favorable to the defendant below, the appellee here, on whom rested the burden of showing such negligence on the part of the plaintiff, the appellant here. *Goldman v. Johnson Motor Lines, supra; Mitchell v. Dowdy,* 184 Md. 634, at 639, 640, 42 A. 2d 717; *Poe, Pleading and Practice,* Vol. II, *Tiff. Ed.,* Sections 293, 295 and 295 (a); and *Greer Transportation Co. v. Knight,* 157 Md. 528, 539, 146 A. 851.

Putting the evidence on the scales approved by the cases, we find that there was no error in the Court's instructions to the jury. Contributory negligence, like

primary negligence, is relative, and not absolute, and must be determined by the circumstances of each case. *Elzey v. Boston Metals Co.,* 189 Md. 566, 56 A. 2d 692; *Thursby v. O'Rourke,* 180 Md. 223, 23 A. 2d 656; *Yockel v. Gerstadt,* 154 Md. 188, 140 A. 40. The conduct of an actor during a sequence of events which culminate in injury is to be tested by comparison with what an ordinarily prudent man would have done or not done under like circumstances. The relative significance of each of the events and of the conduct of the actor, as they occur, is most appropriately weighed by a jury, who, as ordinary men, must determine what was reasonably to be expected.

We find that there was evidence which should have been considered by the jury on the issue as to whether or not the plaintiff was contributorily negligent. He testified that he had come to a complete stop and had remained stopped for some time. Nevertheless, he did not take in his hand after giving the stop signal, but permitted it to remain out of the car. His explanation is that the light ahead turned red, so that he could only proceed slowly as one in a line of cars, and that his action was permitted by the statutes. This is not a complete answer because there were other relevant facts and happenings which made up the whole occurrence of the accident. Although Dr. Lindenberg said that the station wagon was ten inches south of the curb line, clear of Franklin Street, Mrs. Needles' testimony is that it's rear protruded into the street because the parking lot was full. This, if the jury found it a fact, could well constitute negligence in that it substantially decreased the available space for passage in the relatively narrow southernmost lane on Franklin Street, and one who occupied such a position might reasonably anticipate that accidents on a street busy with traffic would be induced thereby. *Restatement, Torts,* Section 303; *M. & C. C. of Baltimore v. Terio,* 147 Md. 330, 128 A. 353. Together with this testimony, there was available to the jury the fact that

the plaintiff's car was a 1941 model, the fenders and running board of which extended out from the body of the car, and that the plaintiff's hand, at the time of impact, must have extended beyond these, since there was no contact between the two vehicles themselves. The appellant's own testimony is that he was not watching the station wagon but rather, "just looking straight ahead". In another place, he said that "Just with a glance I saw the station wagon backing". He also said that he was driving very slowly. The evidence might have led the jury, with reason, to find that because he was not watching the station wagon, the appellant drove so close to it that his hand struck it while it was standing still, or that it struck his hand as it drifted back. The jury might well have found that an ordinarily prudent automobile driver, about to pass the rear of a vehicle parked on a fairly steep incline, should have observed that either, even if it stood still, there was not sufficient room to pass safely with outstretched hand, or anticipate that at the moment of the release of the brake and the application of the gas, there might be a slight drifting back.

The plaintiff makes much of the fact that he was required by statute to continue to keep his hand outside of the car as he did. We think he misconstrues his obligation. Section 193 (c) of Article 66½ of the Code (1951 Ed.) provides that: "No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear. . ." Section 194, immediately following, provides that: "The signals herein required shall be given either by means of the hand and arm or by a signal lamp or signal device. . ." Section 195 says that if a signal is given by hand and arm, the signal for "Stop or Slow" is as follows: "Drop hand toward ground, with palm to rear, hold hand still several seconds." It is evident, since the plaintiff testified that the application of his brake produced a red signal light

on the rear of his car, that he had no absolute requirement to make the hand signal. This is not to say that it was not proper for him to do so. Assuming this, however, he was not required to continue to keep his hand out since the requirement of the statute is the giving of the signal when the car is to stop or suddenly decrease speed. There is a correspondence between Sections 193 and 195. One speaks of stopping or suddenly decreasing the speed, and the other speaks of stopping or slowing. The requirement under the statute is that the hand be held still for several seconds. There is no requirement that when starting up again, any signal be given. The plaintiff himself testified that he came to a full stop and that it took sometime for Mrs. Needles to negotiate the turn into the parking lot. She testified that she was on the apron perhaps a minute before Dr. Lindenberg's car stopped ten or twelve feet west of her. We think it was for the jury to determine whether there was any occasion for Dr. Lindenberg to keep his hand out of the car for the length of time that he obviously did, particularly in view of the fact that he was about to negotiate a close passage. Certainly, if the appellant exceeded the permission of the statutes, whatever absolution they gave him from negligence, did not continue longer than the time they required him to keep his hand out of the car. Just as the violation of an ordinance is not necessarily negligence, unless it is the proximate cause of the injury, the observance of the requirement of a statute is not an absolute guarantee that under certain circumstances, the conduct of the actor in following the statute may not be negligence which contributes to his own injury. It has been held, in a case where the driver, about to turn left, was holding his hand out and was struck by a truck proceeding too far to the left of the road, that the question of the driver's contributory negligence was one for the jury. *Newhouse v. Phillips*, 110 N. J. L. 421, 166 A. 482. Again in *Moore v. Re, et al.*, 131 Cal. App.

Rep. 557, 22 P. 2d 45, where an arm extended from a car was crushed by a sideswiping truck, it was decided that although the extending of the arm, so as to give the statutory slow signal, was not evidence of negligence as a matter of law, the action of the plaintiff permitted two deductions so that it was for the jury to determine which was the true one. See also *Horner v. Rowe,* 139 Md. 660, 116 A. 471; and *The North Baltimore Passenger Railway Company v. Kaskell,* 78 Md. 517, 28 A. 410.

It is worthy of notice that the *Garozynski* case, the *Goldman* case, and the case of *Klein v. Dougherty,* each hereinabove referred to, all point out expressly that there was no ground for finding anticipation of the impending danger on the part of the plaintiff. In *Garozynski,* the Court said at page 4 of 190 Md., at page 340 of 57 A. 2d: "There was no evidence that the plaintiff could have seen the defendant's maneuver in time to avoid the oncoming car." In *Goldman,* it was said at page 32 of 192 Md., at page 626 of 63 A. 2d: "The fact that Christopher saw the on-coming tractor-trailer is no evidence that Goldman should have seen it. . . Goldman, pulling on the left rear door, was naturally facing in the other direction." In the *Klein* case, it was pointed out on page 31 of 200 Md., on page 825 of 87 A. 2d that: "This negligence on the part of Allied was not to have been anticipated by Mr. Klein under the facts here." As we have indicated, we think that Mrs. Needles' conduct, which could be found to be negligent, either in permitting her vehicle to protrude in the street, or in allowing it to drift further back into the street, should have been anticipated by one about to pass behind her with comparatively little clearance and an extended hand and time to observe the need for watchfulness and prudence.

The appellant contends that the boulevard law is applicable and gave him the right to proceed upon the assurance that the sanctity of the throughway would not be invaded by Mrs. Needles' car backing into it.

We think that the boulevard law does not apply to any version of the occurrence. Compare *Ness v. Males,* 201 Md. 235, 93 A. 2d 541; and *Darienzo Trucking Corporation v. Sullivan,* 202 Md. 32, 95 A. 2d 293. There was testimony, that the rear of the Needles' station wagon was already motionless in the boulevard at a time when Dr. Lindenberg's car was also standing still, and if the jury found this, as well it might have, the inapplicability of the law would be obvious.

We think that the evidence justified the Court's instruction on the issue of contributory negligence and that the charge, as a whole, correctly informed the jury of the law which governed the decision of the case on the facts to be found by them.

*Judgment affirmed, with costs.*