30 N.J. Super. 322 (1954)
104 A.2d 617
FRANK E. ZINKERMAN, TRADING AS FAIR BURGLAR ALARM SYSTEM, PLAINTIFF-APPELLANT,
v.
TAFT STORES, INC., A CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 5, 1954.
Decided April 22, 1954.
Before Judges EASTWOOD, JAYNE and CLAPP.
Mr. Simon J. Griffinger argued the cause for appellant.
*323 Mr. Louis J. Pantages argued the cause for respondent (Messrs. Cox & Walburg, attorneys).
The opinion of the court was delivered by JAYNE, J.A.D.
In undertaking the consideration of the present appeal it is imperative initially to realize that where a stenographic record of the evidence and of the essential characteristics of the trial has not been taken in the district court, our appellate survey of the case is necessarily confined to the statement of the proceedings settled by the trial judge pursuant to R.R. 1:6-3; R.R. 2:6. Bancroft Realty Co. v. Alencewicz, 7 N.J. Super. 105 (App. Div. 1950); Bayuk v. Feldman, 11 N.J. Super. 317 (App. Div. 1951), certif. denied 6 N.J. 615 (1951); State v. Goldberg, 12 N.J. Super. 293 (App. Div. 1951); Hopper's, Inc. v. Red Bank Airport, Inc., 15 N.J. Super. 349 (App. Div. 1951); Goldman v. Shapiro, 16 N.J. Super. 324 (App. Div. 1951); Cherr v. Rubenstein, 22 N.J. Super. 212 (App. Div. 1952); Gretowski v. Hall Motor Express, 25 N.J. Super. 192 (App. Div. 1953).
Accordingly, our information is derived from the statement in lieu of record authenticated by the judge of the Essex County District Court, the transcendent portion of which reads:
"Throughout the cross examination, the plaintiff had made statements that were palpably false. I am sorry but I cannot now recall them, but I warned him on three distinct occasions to refrain from further giving false testimony or he would be charged with contempt of Court. The last warning was shortly before he testified that he had never received or knew of any letters from the defendant company; particularly the letter of March 1, A.D. 1950. Under further cross examination he finally admitted receipt and knowledge of said letters and when asked to explain his previous denial of receipt of said letters, he could offer no explanation and I held him guilty of contempt of court for wilfully testifying falsely on the subject and imposed a penalty of $25.00.
The Court then asked counsel for the plaintiff if he wanted to proceed further with the case. Counsel for the plaintiff then moved for a voluntary dismissal without prejudice, which motion was denied and thereupon moved for a dismissal with prejudice, if the Court would waive the plaintiff's contempt, which motion was also denied *324 and finally moved for a dismissal with prejudice, which motion was granted."
A final judgment accordant with the motion of the plaintiff's attorney was entered dismissing the action with prejudice. It is from this final judgment that the plaintiff specifically appeals.
Nevertheless counsel for the plaintiff endeavors by means of the present appeal to have us determine the propriety of the intermediate adjudication of the judge relative to the contumacious conduct of the plaintiff which occurred during the progress of the trial on November 4, 1953. Assuredly the county district court is empowered to punish for contempt committed in facie curiae. N.J.S. 2A:10-7; Fulop, District and Municipal Courts (17 N.J. Practice) § 17, p. 11 and § 1272, p. 708. Manifestly we are neither able nor empowered to do so. The order, if any, adjudicating the contempt, reciting the facts, signed by the judge and entered of record is not reproduced in the transcript. R.R. 4:87-1; 5:2-1; 7:1-3. The facts upon which the adjudication was made are not before us. R.R. 1:5-2; 2:5. If such an order was promptly entered, it is not apparent that an appeal was taken to review it within the time prescribed. R.R. 1:3-1(c); 2:3. The notice of appeal from the final judgment entered in the action is dated December 3, 1953. Anent the treatment of false testimony as a contempt of court, see the informational opinion in State v. Illario, 10 N.J. Super. 475 (App. Div. 1950).
The plaintiff is also unable to invoke an appellate review of the final judgment. It was entered not only by consent but in pursuance of the application of the plaintiff's attorney. This is not an appeal from an order denying a motion for the vacation of the judgment made under R.R. 4:62-2. Here the judgment is akin to a consent order which is not appealable. In re Pemberton's Will, 40 N.J. Eq. 520, 530 (Prerog. 1885), affirmed, Pemberton v. Pemberton, 41 N.J. Eq. 349 (E. & A. 1886); Winberry v. Salisbury, 5 N.J. 240, 255 (1950). The appeal is dismissed.