WEST *v.* BELLE ISLE CAB COMPANY, INC.

[No. 26, October Term, 1953.]

*Decided November 13, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Michael Paul Smith* and *Robert S. Rody,* with whom was *Amos I. Meyers* on the brief, for the appellant.

*Frederick J. Green, Jr.,* with whom was *James J. Lindsay* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

Susie Vera West appeals from a judgment in favor of the Belle Isle Cab Co., Inc., the defendant below, entered upon a verdict of the jury.

Mrs. West was struck by a Belle Isle cab on the night of October 7, 1950 on Pennsylvania Avenue in Baltimore. This is as far as the parties go in agreement.

Mrs. West says she was crossing Pennsylvania Avenue from the west side to the east side at its intersection with Bloom Street, within and to the north side of the pedestrian crosswalk, when the cab struck her. She was supported in her testimony by two witnesses—the manager of the Sphinx Club, a night club on the east side of Pennsylvania Avenue four doors north of Bloom Street, and a passerby, employed at the Bethlehem Steel shipyards, who was walking south on Pennsylvania Avenue. All three were direct and explicit in their testimony that the appellant was walking within the pedestrian crosswalk and that it was there that she was struck.

The appellee's version of the accident is that the cab, going north on Pennsylvania Avenue, had double parked in front of the Sphinx Club, some distance above the

crosswalk, to let out a woman passenger, and that the driver had started up and had gone four or five feet when Mrs. West, who had stepped down from the curb in front of the Sphinx Club headed for the west side of Pennsylvania Avenue, suddenly came out from between two parked cars. The testimony of the cab driver, that of the woman passenger who had alighted from the cab and headed for the Sphinx Club, and that of the man who had remained in the cab to be taken to another destination, is likewise direct and explicit that the accident happened in front of the Sphinx Club as the appellant appeared suddenly from between parked cars as she was crossing from east to west.

There also came into the case a statement signed by the cab driver the day following the accident and filed by his employer with the Public Service Commission, as required by Section 39 of Article 78 of the Code, 1951 Edition, which included the following in reference to Mrs. West: "She claims she walked from the west side to the east side of the cab and had walked into same."

The appellant says that the court erred to her prejudice in its charge to the jury in at least three particulars: first, she says that the necessary and unfair effect of the charge was that the jury could find only for the defendant, if they determined that the accident occurred: "in front of the Sphinx Nightclub, or in the vicinity of the entrance to the Sphinx Nightclub." Second, it is claimed that by refusing to charge the jury on a doctrine of last clear chance, the court compounded its own error in that the jury might have found the doctrine applicable even under the appellee's version of the accident, and certainly could have under an alternative theory of the appellant, namely, if the appellant actually was crossing Pennsylvania Avenue from west to east in front of the Sphinx Nightclub. The third complaint is that the court, although it instructed the jury that contributory negligence might be found from the testimony of any witness on either side, including principals, it re-

fused to add that primary negligence might likewise be so found.

An examination of the charge in the light of the evidence refutes these claims. The jury first was told that the court's instructions as to the law were binding, and its comments on the facts and the witnesses "purely advisory", and in no way binding upon them. Then they were told that the happening of the accident caused no presumption of negligence and that the burden of proof was on Mrs. West. The court instructed them that there were two real questions to decide in reaching the verdict: "First, was the accident caused by the negligence of Swogell, the operator of the Defendant's cab, and secondly, did any negligence on the part of Mrs. West also contribute to the happening of the accident?" They were advised that it was for them to decide which of the versions was correct, and "by your verdict you are to say which of the parties was negligent". They were, the court said, entitled to use their experience as intelligent men and women and take into consideration "what the witnesses say, its probability, their manner of saying it, and your understanding of the whole situation". Negligence was defined and the legal definition of crosswalk given. The jury was instructed that pedestrians have the right-of-way at crosswalks. They were told that: "if you find as a matter of fact that Mrs. West was crossing in the pedestrian's crosswalk, she would have the right-of-way over the driver of the taxicab." That means, the court went on: ". . . that the driver of a vehicle as he approaches the intersection must be alert, must be on the lookout for pedestrians, must have his automobile under control, operating at a speed that is reasonable and proper under the circumstances, and be prepared to meet any sudden emergency, so that if you find from the testimony that Mrs. West was actually in the pedestrian's crosswalk crossing from the west side of Pennsylvania Avenue to the east side at Bloom Street and the driver of the automobile failed to see her and hit her, then you would

be entitled to find, if you find those facts, that the driver of the cab was negligent." The court then added: ". . . there is testimony from which you could find that the accident did not happen at the pedestrian's crosswalk, but happened in front of the Sphinx Club. . . If you find from the testimony that the accident did not happen at the crosswalk but happened in front of the Sphinx Nightclub, or in the vicinity of the entrance to the Sphinx Nightclub, then you might find that the operator was not negligent and that Mrs. West was not in a position where she had the right-of-way over the cab, but where the cab driver had the right-of-way over her, and while he must use ordinary care or caution in the operation of his automobile between blocks, and do what he can to avoid running over people, the testimony of passenger Proctor and the driver was that she suddenly appeared at the right front corner of his cab, and the testimony of Miss Dorsey was that she had stepped off of the east pavement of Pennsylvania Avenue between parked automobiles into the right front corner of the cab. So that is the first question for you to decide when you reach the Jury Room: Was she on the crosswalk or did she step out from the sidewalk up near the Sphinx Club?"

The court discussed the question of damages and concluded the charge thus: "Finally, if you find that the accident was due entirely to the negligence of Swogell, the operator of the cab, without any negligence on the part of Mrs. West, allow her such damages as in your judgment would be a fair and just compensation for the injuries which she has sustained."

We think that the trial judge fairly presented the issues which the evidence required to be submitted to the jury. The charge must be considered as a whole and not condemned because isolated portions of it do not seem to do justice to one side or the other, nor because of the method of expression. *Fisher v. Baltimore Transit Co.,* 184 Md. 399, 402; *Larkin v. Smith,* 183 Md. 274; *Reindollar v. Kaiser,* 195 Md. 314. As

Judge Marbury said for the court in *Bull Steamship Lines v. Fisher*, 196 Md. 519, 529: "The purpose of oral charges is to tell the jury in simple words what the law is in a case before them, and we will not be too particular in criticising the words used if the result is sufficient."

The plaintiff's version of the accident was fairly and fully presented and the jury told that if they found the facts contended for by the plaintiff, they: "would be entitled to find . . . that the driver of the cab was negligent". The defendant's version of the accident was described and the jury told that if they found the accident happened as she stepped out in front of the cab near the Sphinx Club, they "might find" that the driver was not negligent. They were instructed that if the accident did happen in front of the Sphinx Club and they found that: "the accident was due to her fault, and no fault on the part of the driver of the cab, or if you find that it was due to the fault of both Mrs. West and the driver of the cab, she, of course, cannot recover. In the first case there would be no negligence on the part of the driver, and secondly, if you find it was the fault of both then she would have been guilty of contributory negligence and cannot recover and that would be the end of the case." As we read the record, the appellant received more favorable treatment in the charge than was due her. The question of the relative negligence of Mrs. West and the cab driver in the situation presented by his starting from the double parked position and her sudden stepping out thereafter from the curb between two parked cars, was left to the jury. They were told that in such case they "might" find the defendant not negligent and the plaintiff negligent. Under the authority of cases such as *Domeski v. Atlantic Refining Co.*, 202 Md. 562, 567, 97 A. 2d 313, 316; and *Cocco v. Lissau*, 202 Md. 196, 202, 95 A. 2d 857, 860, it would have been proper to instruct the jury that if they found that the plaintiff suddenly walked in front of the path of the car in front of the Sphinx Club, she

was guilty of contributory negligence as a matter of law and the verdict must be for the defendant. This would have been judicial recognition that the plaintiff's conduct was so prominent and decisive and so directly contributed to the accident as to leave no room for difference of opinion by reasonable minds. *Baltimore Transit Co. v. Castranda*, 194 Md. 421, 434; and *Lindenberg v. Needles*, 203 Md. 8, 97 A. 2d 901. The court did not go this far. It submitted the alternatives as to the location of the happening of the accident, as it must have done; the question of negligence at the pedestrian's crosswalk, as it must have done; and also, the question of relative negligence if the accident occurred in front of the Sphinx Club, as it need not have done; instead of instructing the jury to find for the defendant in such case as a matter of law, as it might well have done.

We see no basis in the record for the doctrine of last clear chance if the accident occurred in front of the Sphinx Club. There is no evidence that the driver either saw, or should have seen, Mrs. West in time to avoid striking her. Further, if, as the testimony indicates, she suddenly stepped from between the parked cars, she was guilty of contributory negligence which was concurrent with the negligence of the driver, if negligence there was, and under those circumstances, the doctrine of last clear chance would not be applicable. *Legum v. State, use of Moran*, 167 Md. 339. To bring the doctrine into play, the negligence of the defendant must be consequential to that of the plaintiff and not concurrent. *Congressional Country Club v. Baltimore & Ohio R. R. Co.*, 194 Md. 533, 545; *Baltimore & Ohio R. R. Co. v. Leasure*, 193 Md. 523, 533; *Peregoy v. Western Maryland Ry. Co.*, 202 Md. 203, 210-211, 95 A. 2d 867, 870; and *Gross v. Baltimore Transit Co.*, 192 Md. 278, 286. Certainly, in this case, if the accident occurred as the defendant says it did, the undisputed testimony would be that Mrs. West's own act was the final negligent act which clearly would prevent the invocation of the doctrine. *Jackson v. Forwood*, 186 Md. 379, 386. The ap-

pellant endeavors to avoid the difficulties we have just recited by the contention that the jury was entitled to find that Mrs. West was crossing Pennsylvania Avenue from the west side to the east side, not at the pedestrian's crosswalk but opposite the Sphinx Club, so that the cab driver did see her or should have seen her in ample time to have avoided the accident. To get to this point, the appellant contends that the statement filed with the Public Service Commission must be considered as probative evidence on the part of the plaintiff that she was crossing from west to east and that this evidence can be supplemented by the evidence of the defendant that the accident happened in front of the Sphinx Club, so that an alternative plaintiff's version is attempted to be tied to the location part of the defendant's version to make a case of liability on the part of the defendant. As we see it, the proposition is untenable for several reasons. In the first place, the general rule is that prior statements which are produced at the trial to impeach a witness are not probative evidence but may be used only for impeachment. *Foble v. Knefely,* 176 Md. 474; *State v. C. J. Benson & Co.,* 129 Md. 693, 698; *Baltimore Transit Co. v. Castranda, supra. Wigmore* on *Evidence,* 3rd Ed., Vol. III, Section 1018, states the rule as follows: "It is universally maintained by the Courts that Prior Self-Contradictions are not to be treated as having any *substantive* or *independent testimonial value.*" Professor Wigmore does not agree that this is a sound conclusion; nevertheless, this Court has joined in the universality of its acceptance.

In the second place, the statement says merely that Mrs. West told the driver that she crossed from the west to the east side of the cab and walked into it. Passing without consideration the implied admission of contributory negligence in the statement, there was no hint in it as to where she was on Pennsylvania Avenue as she crossed. The statement is entirely consistent with her testimony at the trial and there is nothing to

indicate that she did not mean, when she gave it, that she was crossing at the crosswalk.

In the third place, Section 39 of Article 78 of the Code, 1951 Edition, says that such statements shall not be admitted as evidence "or used for any purpose" against the common carrier furnishing it, in any suit or action for damages. If, however, we assume, without deciding, that the statement, having been admitted in evidence with the acquiescence of the appellee, had substantive and independent evidentiary value, to the effect that Mrs. West was saying therein that she crossed Pennsylvania Avenue in front of the Sphinx Club rather than at the crosswalk, she would not be in any better position. For, in such case, we would have a situation where Mrs. West, at the trial, was testifying with one breath that she crossed from west to east in front of the Sphinx Nightclub, and in the next breath, that she so crossed at the pedestrian's crosswalk, with the jury free to find, as far as she was concerned, that the accident happened at either location. This would make her testimony contradictory enough to have no probative force whatever, so that a jury could not be permitted to speculate about it or to select one or the other of the contradictory statements as the basis for a verdict. *Olney v. Carmichael,* 202 Md. 226, 96 A. 2d 37; *Bond v. Forthuber,* 198 Md. 476, 84 A. 2d 886; *Eisenhower v. Baltimore Transit Co.,* 190 Md. 528; *Slacum v. Jolley,* 153 Md. 343, 351. As was said in the *Olney* case, this would be a case: ". . . assuming, as we have, that the prior statements were in evidence at the trial, where the testimony of the witness from the stand is in hopeless conflict and without probative force." Thus, no matter how the statement is regarded and treated, there were no facts presented to the jury which would serve as the basis for an instruction that the doctrine of last clear chance applied. If there was no such evidence, it would have been error to instruct on the point. *Sieland v. Gallo,* 194 Md. 282, 286; *Bull Steamship Lines v. Fisher, supra,* at page 529. An instruction is properly rejected if the

evidence precludes the theory on which it is based. *County Commissioners of Baltimore County v. Collins,* 158 Md. 335, 338; and *Homeseekers Realty Co. v. Silent Automatic Sales Corp.,* 163 Md. 541, 550.

What we have said disposes of the last contention of the appellant, which is that there was prejudicial error in the failure of the court to charge the jury that the evidence of the defendant's negligence could come not only from the plaintiff and her witnesses, but from the defendant and its witnesses. Undoubtedly, this is abstractly true. The purpose of seeking this instruction was to link up the Public Service Commission statement with the testimony of the defendant's witnesses and thus produce a possible happening of the accident in front of the Sphinx Club with Mrs. West crossing there from west to east, rather than stepping out to the west from between two parked cars. As we have said there was no evidence to sustain this theory. Therefore, if there was abstract error in failing to grant the requested charge, the appellant was not prejudiced. One other possible relevance of the requested instruction would be on the theory that the cab driver was negligent in his operation of the cab as he started up from his double parked position. Actually, there is no evidence of this. Assuming, however, that he was negligent, it would not change the fact that Mrs. West herself was contributorily negligent in walking between the parked cars into the path of the oncoming cab, and must be denied recovery on this basis, if the accident happened, as the jury seemingly found it did—outside the crosswalk.

All of the discussion on the last point has been on the assumption that the failure to charge, as requested, was technical error. Actually, we find that implict in the charge as a whole, evidences being found in various places, is the equivalent of the instruction which was asked for. The jury was told, as we have pointed out, that they had heard the story of all the witnesses and "by your verdict you are to say which of the parties

was negligent." Again, they were told to consider the testimony of all the witnesses, its probability and their understanding "of the whole situation". They were told that if they found negligence on the part of the cab driver and none on the part of Mrs. West, they were to find for her, and there was no suggestion that they could not find that negligence in any part of the testimony. We do not say that the requested instruction might not well have been given, but we do find that the failure to give it was not prejudicial, in any sense, and that, in substance, the jury was told what the appellant complains that they were not but should have been. *Bull Steamship Lines v. Fisher, supra.*

*Judgment affirmed, with costs.*